UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOHN CARR,

    Plaintiff

v.

SIEMENS DEMATIC CORP. and
AMEC CONSTRUCTION
MANAGEMENT, INC.,

    Defendants

CIVIL ACTION NO. _____

**05-10445 MLW**

MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT 28 U.S.C. § 1441 (A)

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS:

The Defendant, Siemens Dematic Corp. (hereinafter "Siemens" or the "Defendant"), pursuant to Section 1331 and Section 1441 of Title 28 of the United States Code and Rule 81.1 of the Local Rules for the United States District Court, District of Massachusetts, herewith files this Notice of Removal in the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County and states the following in support of this Notice of Removal:

1. The Plaintiff, John Carr, (hereinafter "Carr" or the "Plaintiff"), filed a civil action against Siemens on or about February 14, 2005, in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Civil Action No. SUCV2005-0606, Carr v. Siemens Dematic Corp. and AMEC Construction Management, Inc.

2. On or about March 3, 2005, the Plaintiff served Siemens with a copy of the Complaint. See Ret. of Service.

35301.1

3. This Notice of Removal is filed in the United States District Court for the District of Massachusetts within the time allowed by law for removal of civil actions. The documents attached hereto as Exhibit "A" constitute all of the process and pleadings served upon Siemens by the Plaintiff to date.

4. This action is removable to this Court pursuant to Section 1441(a) and (b) of Title 28 of the United States Code, because this Court has original jurisdiction under Section 1331 of Title 28 of the United States Code.

5. This action is removable to this Court pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the plaintiff and the defendant are citizens of different states. Plaintiff is a resident of Weymouth, Massachusetts. Siemens is a New York corporation and its principal place of business is located in Grand Rapids, Michigan. Thus, diversity of citizenship exists. Moreover, the amount in controversy exceeds $75,000 based upon the plaintiff's claim that he is entitled to monetary damages relating to his alleged injuries in the amount of $130,000.00. Plaintiff is also seeking attorney's fees associated with pursuing this litigation. Thus, in the event plaintiff prevails on these claims against Siemens and Siemens is adjudged liable for damages incurred by the plaintiff, plaintiff claims he is entitled to recover more than the $75,000 jurisdictional amount.

6. This Notice of Removal is being filed within thirty (30) days of service and receipt of the Summons and Complaint in accordance with Section 1446(b) of Title 28 of the United States Code.

7. A notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, as required by Section 1446(d) of Title 28 of the United States Code.

8. Pursuant to Local Rule 81.1(a) shall, within thirty (30) days after filing a notice for removal of the action from state court to this court, file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court. See LR 81.1(a).

35301.1

WHEREFORE, Siemens prays that the action currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County be removed to the United States District Court for the District of Massachusetts.

                            Respectfully submitted,

                            Siemens Dematic Corp.,

                            By Its Attorneys,

                            _____
                            Maynard M. Kirpalani, BBO#273940
                            Carey Bertrand, BBO#650496
                            Wilson, Elser, Moskowitz,
                            Edelman & Dicker, LLP
                            155 Federal Street
                            Boston, MA 02110
                            (617) 422-5300

Dated:

35301.1

| CIVIL ACTION COVER SHEET | DOCKET NO(s) | Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) John Carr | | DEFENDANT(S) Siemens Dematic Corporation and Amec Construction Management, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-822-2000 Brian C. Dever, Keches & Mallen, P.C. 122 Dean Street, Taunton, MA 02780 Board of Bar Overseers number: 544203 | | ATTORNEY (If known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence/ Personal Injury | ( F ) | ( X ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... est. $15,000.00
2. Total Doctor expenses ............................................. est. $10,000.00
3. Total chiropractic expenses ....................................... $
4. Total physical therapy expenses .................................. est. $5,000.00
5. Total other expenses (describe) .................................. $
                                                        Subtotal $
B. Documented lost wages and compensation to date ............... est. $100,000.00
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages .............................. $
F. Other documented items of damages (describe)  $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
The Plaintiff suffered a traumatic amputation to the right small finger along with a crush injury to the right long, ring finger and index fingers. In addition the Plaintiff underwent bone grafting and internal fixation of right scaphoid non-union.
                                                        TOTAL $130,000.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                        TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 2/14/05

Signature of Attorney of Record

AOTC-6 mc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0606

John Carr _____, Plaintiff(s)

v.

Siemens Dematic Corp. and
AMEC Construction Management, Inc. _____, Defendant(s)

## SUMMONS

To the above-named Defendant: Siemens Dematic Corp.

You are hereby summoned and required to serve upon Brian C. Dever, Esq. KECHES & MALLEN, P.C. plaintiff's attorney, whose address is 122 Dean St., Taunton, MA 02780, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 28th day of February, in the year of our Lord two thousand five.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                              TRIAL COURT OF MASSACHUSETTS
                                         SUPERIOR COURT DEPARTMENT

JOHN CARR                      )
      Plaintiff,               )
                               )
                               )
V.                             )
                               )
                               )
                               )
SIEMENS DEMATIC CORP.          )
AND AMEC CONSTRUCTION          )
MANAGEMENT, INC.               )
      Defendants.              )

## COMPLAINT AND JURY DEMAND

1. The Plaintiff John Carr is an individual residing at 1103 Avalon Drive, Weymouth, Norfolk County, Massachusetts.

2. The Defendant, Siemens Dematic Corporation is a corporation incorporated under the laws of New York with a principal place of business at 507 Plymouth Avenue, Northeast, Grand Rapids, Michigan.

3. Jurisdiction over the Defendant, Siemens Dematic Corporation is proper pursuant to the following:

    (a) The Defendant's transacting business in the Commonwealth of Massachusetts;

    (b) The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;

    (c) The Defendant's causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

    (d) The Defendant's causing tortious injury inside the Commonwealth of Massachusetts by an act or omission outside this Commonwealth and regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed, or services rendered, in the Commonwealth of Massachusetts, and set forth in M.G.L., Ch. 223, Subsection A, Section 3.

4. The Defendant, AMEC Construction Management Incorporated is a corporation incorporated under the laws of Delaware with a principal place of business at 1633 Broadway, New York, NY.

5. Jurisdiction over the Defendant, AMEC Construction Management, Inc. is proper pursuant to the following:

    (a) The Defendant's transacting business in the Commonwealth of Massachusetts;

(b) The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;

(c) The Defendant's causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

(d) The Defendant's causing tortious injury inside the Commonwealth of Massachusetts by an act or omission outside this Commonwealth and regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed, or services rendered, in the Commonwealth of Massachusetts, and set forth in M.G.L., Ch. 223, Subsection A, Section 3.

6. At all times material herein, the Plaintiff John Carr was employed by Shaughnessy Millwrights located on D Street, South Boston, Massachusetts, as a millwright and was working on a job site located at Logan International Airport, Terminal E, in Boston, Suffolk County, Massachusetts.

## COUNT I

7. The Plaintiff repeats the allegations contained in paragraph 1 through 6 as if realleged herein.

8. On or about February 19, 2003, the Defendant, Siemens Dematic Corporation designed, manufactured, inspected, tested, installed, sold, supplied, maintained, repaired and/or provided start up services on a luggage conveyer machine. Said machine was located at the time of the accident at the Logan Airport Terminal E jobsite located in Boston, Suffolk County, Massachusetts.

9. As a result of the negligence of the Defendant, Siemens Dematic Corporation in the design, manufacture, inspection, testing installation, sales, supply, maintenance, repair and/or providing start up services of said machine and as a result of the negligence of the Defendant, Siemens Dematic Corporation in failing to give adequate and effective warnings concerning the foreseeable dangers from the foreseeable uses of said machine and as a result of the negligence of the Defendant in failing to give adequate and proper instruction for the foreseeable uses of said machine and as a result of the negligence of the defendant Siemens Dematic Corporation in failing to properly guard said machine, the Plaintiff John Carr was caused to be seriously and permanently injured.

10. As a direct and proximate result of said injuries the Plaintiff has incurred and continues to incur medical expenses, has lost and continues to lose time and wages from his employment and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

11. At all times material herein, the Plaintiff was in the exercise of due care and free from all comparative negligence.

12. The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff John Carr demands judgment against the Defendant, Siemens Dematic Corporation in the amount of his damages together with costs, interests and reasonable attorney's fees.

THE PLAINTIFF JOHN CARR CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

## COUNT II

13. The Plaintiff, John Carr repeats the allegations contained in paragraphs 1 through 12 in this Complaint as if realleged herein.

14. The Defendant, Siemens Dematic Corporation expressly and impliedly warrantied that the conveyer machine was safe, merchantable and fit for use for which it was intended.

15. The Defendant, Siemens Dematic Corporation in permitting, allowing and/or suffering the aforesaid defective, dangerous, and hazardous conveyer machine to be sold breached its express and implied warranties related to merchantability, marketability and fitness for a particular intended use and purpose.

16. The Plaintiff relied on the warranties made by the Defendant, Siemens Dematic Corporation and suffered personal injuries as a result of the breaches of said warranties by the Defendant.

17. As a direct and proximate result of said injuries the Plaintiff has incurred and continues to incur medical expenses, has lost and continues to lose time and wages from his employment and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

18. At all times material herein the Plaintiff was in the exercise of due care and free from all comparative negligence.

19. The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff John Carr demands judgment against the Defendant, Siemens Dematic Corporation in the amount of his damages together with costs, interests and reasonable attorney's fees.

THE PLAINTIFF JOHN CARR CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

## COUNT III

20. The Plaintiff repeats and the allegations contained in paragraphs 1 through 19 of this Complaint as if realleged herein.

21. At all times material herein the Defendant, Siemens Dematic Corporation was the manufacturer and seller of the conveyer machine in question. At all times material herein, the Defendant Siemens Dematic Corporation through its employees and/or agents supervised the installation of said conveyer machine on the premises of the Logan Airport Terminal E jobsite, located in Boston, Suffolk County, Massachusetts.

22. The Defendant, Siemens Dematic Corporation had a duty to supervise said installation of said machine in a safe and proper manner.

23. On or about February 19, 2003, the Defendant, Siemens Dematic Corporation breached said duty by negligently supervising the installation of the said conveyer machine thereby causing the Plaintiff to have his hand caught in the conveyer machine.

24. On or about February 19, 2003, as a direct and proximate result of the Defendant, Siemens Dematic Corporation's negligence, the Plaintiff was caused to sustain serious

- 3 -

personal injury.

25. As a direct and proximate result of said injuries the Plaintiff has incurred and continues to incur medical expenses, has lost and continues to lose time and wages from his employment and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

26. The Plaintiff was in the exercise of due care and free of any comparative negligence at all times material herein.

27. The Plaintiff has fulfilled all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff John Carr demands judgment against the Defendant, Siemens Dematic Corporation in the amount of his damages together with costs, interests and reasonable attorney's fees.

THE PLAINTIFF JOHN CARR CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

## COUNT IV

28. The Plaintiff repeats the allegations contained in paragraphs 1 through 27 as if realleged more fully herein.

29. At all times material herein the Defendant, AMEC Construction Management, Inc. was the construction manager at the Logan Airport Terminal E jobsite located in Boston, Suffolk County, Massachusetts.

30. At all times material the Defendant, AMEC Construction Management, Inc. had a duty to keep the jobsite reasonably safe and free from all foreseeable hazzards.

31. On or about February 19, 2003, the Defendant, AMEC Construction Management, Inc., negligently breached said duty by failing to maintain said jobsite reasonably safe and free from all foreseeable hazards and by failing to enforce safety procedures on said jobsite.

32. On or about February 19, 2003, as a direct and proximate result of said negligence of the Defendant, AMEC Construction Management, Inc. the Plaintiff was caused to sustain serious personal injuries when his hand was caught in the conveyer machine.

33. As a result of said injuries, the Plaintiff was caused to incur and continues to incur medical expenses, has lost and continues to lose time and wages from his employment and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

34. The Plaintiff was in the exercise of due care and free of any comparative negligence at all times material herein.

35. The Plaintiff has fulfilled all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff John Carr demands judgment against the Defendant, AMEC Construction Management, Inc. in the amount of his damages together with costs, interests and reasonable attorney's fees.

- 4 -

THE PLAINTIFF JOHN CARR CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

Respectfully Submitted,
The Plaintiff,
By his attorney,

Brian C. Dever
BBO # 544203
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508)822-2000

Date: 2/14, 2005

- 5 -

# KECHES & MALLEN, P.C.

ATTORNEYS AT LAW
122 Dean Street
Taunton, MA 02780
(508) 822-2000
Fax (508) 822-8022
www.keches-mallen.com

CONTRACTS

RECEIVED
MAR - 3 2005

MAR 0 1 2005

George N. Keches
Richard T. Mallen
Joseph F. Agnelli, Jr.
Brian C. Cloherty
Brian C. Dever
Judith B. Gray**
Paul S. Danahy
Charlotte E. Glinka

Kathy Jo Cook
Claudine A. Cloutier*
Karen S. Hambleton
Seth J. Elin
Matthew F. King
Ernest J. Palazzolo, Jr.
Mark D. Wercup
Daniel M. Surprenant
Eleanore R. Godfrey

*Of Counsel*
Ann Marie Maguire

Gregg J. Pasquale
Melissa A. White

*Admitted in Massachusetts and Rhode Island
**Admitted in Massachusetts, Rhode Island and Connecticut

DIRECT ALL CORRESPONDENCE TO
THE TAUNTON OFFICE

BOSTON OFFICE
141 Tremont Street, 6th Floor
Boston, MA 02111
(617) 426-7900

WORCESTER OFFICE
41 Elm Street
Worcester, MA 01609
(508) 798-7900

FALL RIVER OFFICE
321 North Main Street
Fall River, MA 02721
(508) 676-7900

NEW BEDFORD OFFICE
285 Union Street
New Bedford, MA 02740
(508) 994-7900

February 28, 2005

CERTIFIED MAIL - RRR #7001 1940 0006 3789
President
Siemens Dematic Corporation
507 Plymouth Avenue, N.E.
N.E. Grand Rapids, MI

Re: John Carr v. Siemens Dematic Corporation and Amec Construction Management, Inc.
Suffolk Superior Court Civil Action No. 05-0606
Construction Management, Inc.

Dear Sir/Madam:

On behalf of the plaintiff, John Carr, in the above-captioned action, and pursuant to the provisions of Massachusetts General Laws, Chapter 223A, et seq. and the applicable provisions of Mass. R. Civ. P. 4(e), enclosed please find a copy of a Summons, Complaint and Jury Demand and Civil Action Cover Sheet which have been duly filed in the Suffolk Superior Court concerning the above-captioned matter.

Please take notice that in accordance with this Summons and service of process, you have twenty (20) days after receipt of the enclosed Summons and Complaint, exclusive of the day you receive same, within which to file your Answer to this Complaint. This service of process is made in conjunction with the Long-Arm Statute for service upon out-of-state defendants.

President
Siemens Dematic Corporation
February 28, 2005
Page 2

Please refer this matter to the immediate attention of your legal representative.

Very truly yours,

KECHES & MALLEN, P.C.

Brian C. Dever

BCD:blw
Encls. (3)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __John Carr v. Siemens Dematic Corp.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   ___   I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? __No__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __No__

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) __No__

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __NO__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___

   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __Eastern__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Carey L. Bertrand__
ADDRESS __Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal Street, Boston, MA 02110__
TELEPHONE NO. __617-422-5300__

(COVER.SHT-08/90)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

John Carr

**DEFENDANTS**

Siemens Dematic Corp. and AMEC Construction Management

FILED
IN CLERKS OFFICE
05 - 10445 MLW
2005 MAR -9 P 12: 02
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Brian C. Dever, Esq.
Keches & Mallen, P.C., 122 Dean Street
Taunton, MA 02780

ATTORNEYS (IF KNOWN)

Carey Bertrand
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Boston, MA 02110

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1331, 1441 - Personal injury at airport construction site

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3/9/05

SIGNATURE OF ATTORNEY OF RECORD
Carey L. Bertrand

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____