# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110   Tel: (617) 422-5300   Fax: (617) 423-6917

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago*
*White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

**Carey L. Bertrand**
Writer's Ext.: 5424
BertrandC@wemed.com

March 29, 2005

**VIA HAND DELIVERY**
Docket Clerk
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

    Re:    <u>Carr v. Siemens Dematice Corp. et al.</u>
            C. A. NO. 05-10445MLW

Dear Sir or Madam:

    Enclosed please find the record from Suffolk Superior Court.

    Thank you for your attention to this matter.  Please do not hesitate to contact this office with questions.

                                                 Very truly yours,

                                                 Maynard M. Kirpalani
                                                 Carey L. Bertrand

Enclosures
Cc: Brian C. Dever, Esq.(w/o enclosures)

36111.1

*Suffolk Superior Civil #05-0606*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CARR,<br><br>      Plaintiff<br><br>v.<br><br>SIEMENS DEMATIC CORP. and<br>AMEC CONSTRUCTION<br>MANAGEMENT, INC.,<br><br>      Defendants | CIVIL ACTION NO. _____<br><br>**05 - 10445 MLW**<br><br>MAGISTRATE JUDGE _____ |

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT 28 U.S.C. § 1441(A)

I hereby certify that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☐ original filed in my office on 3-9-05

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS:

The Defendant, Siemens Dematic Corp. (hereinafter "Siemens" or the "Defendant"), pursuant to Section 1331 and Section 1441 of Title 28 of the United States Code and Rule 81.1 of the Local Rules for the United States District Court, District of Massachusetts, herewith files this Notice of Removal in the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County and states the following in support of this Notice of Removal:

1. The Plaintiff, John Carr, (hereinafter "Carr" or the "Plaintiff"), filed a civil action against Siemens on or about February 14, 2005, in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Civil Action No. SUCV2005-0606, Carr v. Siemens Dematic Corp. and AMEC Construction Management, Inc.

2. On or about March 3, 2005, the Plaintiff served Siemens with a copy of the Complaint. See Ret. of Service.

35301.1

3. This Notice of Removal is filed in the United States District Court for the District of Massachusetts within the time allowed by law for removal of civil actions. The documents attached hereto as Exhibit "A" constitute all of the process and pleadings served upon Siemens by the Plaintiff to date.

4. This action is removable to this Court pursuant to Section 1441(a) and (b) of Title 28 of the United States Code, because this Court has original jurisdiction under Section 1331 of Title 28 of the United States Code.

5. This action is removable to this Court pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the plaintiff and the defendant are citizens of different states. Plaintiff is a resident of Weymouth, Massachusetts. Siemens is a New York corporation and its principal place of business is located in Grand Rapids, Michigan. Thus, diversity of citizenship exists. Moreover, the amount in controversy exceeds $75,000 based upon the plaintiff's claim that he is entitled to monetary damages relating to his alleged injuries in the amount of $130,000.00. Plaintiff is also seeking attorney's fees associated with pursuing this litigation. Thus, in the event plaintiff prevails on these claims against Siemens and Siemens is adjudged liable for damages incurred by the plaintiff, plaintiff claims he is entitled to recover more than the $75,000 jurisdictional amount.

6. This Notice of Removal is being filed within thirty (30) days of service and receipt of the Summons and Complaint in accordance with Section 1446(b) of Title 28 of the United States Code.

7. A notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, as required by Section 1446(d) of Title 28 of the United States Code.

8. Pursuant to Local Rule 81.1(a) shall, within thirty (30) days after filing a notice for removal of the action from state court to this court, file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court. See LR 81.1(a).

35301.1

WHEREFORE, Siemens prays that the action currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County be removed to the United States District Court for the District of Massachusetts.

                              Respectfully submitted,

                              Siemens Dematic Corp.,

                              By Its Attorneys,

                              Maynard M. Kirpalani, BBO#273940
                              Carey Bertrand, BBO#650496
                              Wilson, Elser, Moskowitz,
                              Edelman & Dicker, LLP
                              155 Federal Street
                              Boston, MA 02110
                              (617) 422-5300

Dated:

35301.1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                    CIVIL ACTION NO:   05-0606

JOHN CARR,

       Plaintiff

v.

SIEMENS DEMATIC CORP. and

AMEC CONSTRUCTION MANAGEMENT, INC.,

       Defendants

### NOTICE OF FILING OF NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Please take notice that on March 9, 2005, the above-captioned action has been removed to the United States District Court for the District of Massachusetts pursuant to Title 28, United States Code, Sections 1441 and 1446. A certified copy of the Notice of Removal is attached hereto in accordance with Title 28, United States Code, Section 1446(d).

Respectfully submitted,

Siemens Dematic Corp.,

By Its Attorneys,

Maynard M. Kilpalani, BBO#273940
Carey Bertrand, BBO#650496
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated:

35302.1

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
Case Summary
Civil Docket

## SUCV2005-00606
### Carr v Siemens Dematic Corp et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 02/16/2005 | **Status** | Disposed: transferred to other court (dtrans) | |
| **Status Date** | 03/11/2005 | **Session** | D - Civil D | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | |
| **Lead Case** | | **Track** | F | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 05/17/2005 | **Answer** | 07/16/2005 | **Rule12/19/20** | 07/16/2005 |
| **Rule 15** | 07/16/2005 | **Discovery** | 12/13/2005 | **Rule 56** | 01/12/2006 |
| **Final PTC** | 02/11/2006 | **Disposition** | 04/12/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
John Carr
Active 02/16/2005

**Private Counsel 544203**
Brian C Dever
Keches & Mallen
122 Dean Street
Taunton, MA 02780
Phone: 508-822-2000
Fax: 508-822-8022
Active 02/16/2005 Notify

**Defendant**
Siemens Dematic Corp
Service pending 02/16/2005

**Private Counsel 273940**
Maynard M Kirpalani
Wilson Elser Moskowitz Edelman & Dicker LLP
155 Federal Street
5th Floor
Boston, MA 02110
Phone: 617-422-5300
Fax: 617-423-6917
Active 03/11/2005 Notify

**Private Counsel 650496**
Carey L Betrand
Wilson Elser Moskowitz Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
Phone: 617-422-5300
Fax:
Active 03/11/2005 Notify

**Defendant**
AMEC Construction Management Inc
Service pending 02/16/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/16/2005 | 1.0 | Complaint filed with request for trial by jury |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-00606
### Carr v Siemens Dematic Corp et al

| Date | Paper | Text |
|---|---|---|
| 02/16/2005 | | Origin 1, Type B04, Track F. |
| 02/16/2005 | 2.0 | Civil action cover sheet filed |
| 03/09/2005 | | Certified copy of Petition for removal to the US Dist court of deft Siemens Dematic (US DIST# 05-10445MLW) |
| 03/10/2005 | 3.0 | Affidavit of Brian C Dever |
| 03/11/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

I HEREBY ATTEST AND CERTIFY ON
MARCH 29, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                  TRIAL COURT OF MASSACHUSETTS
                                             SUPERIOR COURT DEPARTMENT

                                             05-0606

JOHN CARR                    )
     Plaintiff,              )
                             )
                             )
V.                           )
                             )
                             )
                             )
SIEMENS DEMATIC CORP.        )
AND AMEC CONSTRUCTION        )
MANAGEMENT, INC.             )
     Defendants.             )

**COMPLAINT AND JURY DEMAND**

1.  The Plaintiff John Carr is an individual residing at 1103 Avalon Drive, Weymouth, Norfolk County, Massachusetts.

2.  The Defendant, Siemens Dematic Corporation is a corporation incorporated under the laws of New York with a principal place of business at 507 Plymouth Avenue, Northeast, Grand Rapids, Michigan.

3.  Jurisdiction over the Defendant, Siemens Dematic Corporation is proper pursuant to the following:

    (a)   The Defendant's transacting business in the Commonwealth of Massachusetts;

    (b)   The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;

    (c)   The Defendant's causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

    (d)   The Defendant's causing tortious injury inside the Commonwealth of Massachusetts by an act or omission outside this Commonwealth and regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed, or services rendered, in the Commonwealth of Massachusetts, and set forth in M.G.L., Ch. 223, Subsection A, Section 3.

4.  The Defendant, AMEC Construction Management Incorporated is a corporation incorporated under the laws of Delaware with a principal place of business at 1633 Broadway, New York, NY.

5.  Jurisdiction over the Defendant, AMEC Construction Management, Inc. is proper pursuant to the following:

    (a)   The Defendant's transacting business in the Commonwealth of Massachusetts;

(b) The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;

(c) The Defendant's causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

(d) The Defendant's causing tortious injury inside the Commonwealth of Massachusetts by an act or omission outside this Commonwealth and regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed, or services rendered, in the Commonwealth of Massachusetts, and set forth in M.G.L., Ch. 223, Subsection A, Section 3.

6. At all times material herein, the Plaintiff John Carr was employed by Shaughnessy Millwrights located on D Street, South Boston, Massachusetts, as a millwright and was working on a job site located at Logan International Airport, Terminal E, in Boston, Suffolk County, Massachusetts.

## COUNT I

7. The Plaintiff repeats the allegations contained in paragraph 1 through 6 as if realleged herein.

8. On or about February 19, 2003, the Defendant, Siemens Dematic Corporation designed, manufactured, inspected, tested, installed, sold, supplied, maintained, repaired and/or provided start up services on a luggage conveyer machine. Said machine was located at the time of the accident at the Logan Airport Terminal E jobsite located in Boston, Suffolk County, Massachusetts.

9. As a result of the negligence of the Defendant, Siemens Dematic Corporation in the design, manufacture, inspection, testing installation, sales, supply, maintenance, repair and/or providing start up services of said machine and as a result of the negligence of the Defendant, Siemens Dematic Corporation in failing to give adequate and effective warnings concerning the foreseeable dangers from the foreseeable uses of said machine and as a result of the negligence of the Defendant in failing to give adequate and proper instruction for the foreseeable uses of said machine and as a result of the negligence of the defendant Siemens Dematic Corporation in failing to properly guard said machine, the Plaintiff John Carr was caused to be seriously and permanently injured.

10. As a direct and proximate result of said injuries the Plaintiff has incurred and continues to incur medical expenses, has lost and continues to lose time and wages from his employment and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

11. At all times material herein, the Plaintiff was in the exercise of due care and free from all comparative negligence.

12. The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff John Carr demands judgment against the Defendant, Siemens Dematic Corporation in the amount of his damages together with costs, interests and reasonable attorney's fees.

THE PLAINTIFF JOHN CARR CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

- 2 -

personal injury.

25. As a direct and proximate result of said injuries the Plaintiff has incurred and continues to incur medical expenses, has lost and continues to lose time and wages from his employment and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

26. The Plaintiff was in the exercise of due care and free of any comparative negligence at all times material herein.

27. The Plaintiff has fulfilled all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff John Carr demands judgment against the Defendant, Siemens Dematic Corporation in the amount of his damages together with costs, interests and reasonable attorney's fees.

THE PLAINTIFF JOHN CARR CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

## COUNT IV

28. The Plaintiff repeats the allegations contained in paragraphs 1 through 27 as if realleged more fully herein.

29. At all times material herein the Defendant, AMEC Construction Management, Inc. was the construction manager at the Logan Airport Terminal E jobsite located in Boston, Suffolk County, Massachusetts.

30. At all times material the Defendant, AMEC Construction Management, Inc. had a duty to keep the jobsite reasonably safe and free from all foreseeable hazzards.

31. On or about February 19, 2003, the Defendant, AMEC Construction Management, Inc., negligently breached said duty by failing to maintain said jobsite reasonably safe and free from all foreseeable hazards and by failing to enforce safety procedures on said jobsite.

32. On or about February 19, 2003, as a direct and proximate result of said negligence of the Defendant, AMEC Construction Management, Inc. the Plaintiff was caused to sustain serious personal injuries when his hand was caught in the conveyer machine.

33. As a result of said injuries, the Plaintiff was caused to incur and continues to incur medical expenses, has lost and continues to lose time and wages from his employment and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

34. The Plaintiff was in the exercise of due care and free of any comparative negligence at all times material herein.

35. The Plaintiff has fulfilled all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff John Carr demands judgment against the Defendant, AMEC Construction Management, Inc. in the amount of his damages together with costs, interests and reasonable attorney's fees.

THE PLAINTIFF JOHN CARR CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

Respectfully Submitted,
The Plaintiff,
By his attorney,

Brian C. Dever
BBO # 544203
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508)822-2000

Date: 2/14, 2005

I HEREBY ATTEST AND CERTIFY ON MARCH 29, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:  _____
ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO(s) 05-0605 | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| **PLAINTIFF(S)** John Carr | | **DEFENDANT(S)** Siemens Dematic Corporation and Amec Construction Management, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-822-2000 Brian C. Dever, Keches & Mallen, P.C. 122 Dean Street, Taunton, MA 02780 Board of Bar Overseers number: 544203 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence/ Personal Injury | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. est. $15,000.00
2. Total Doctor expenses .............................................. est. $ .000.00
3. Total chiropractic expenses ....................................... est. $ .000.00
4. Total physical therapy expenses .................................. est. $ .000.00
5. Total other expenses (describe) ................................... Subtotal $
B. Documented lost wages and compensation to date .................. est. $ ,000.00
C. Documented property damages to date ............................. $
D. Reasonably anticipated future medical and hospital expenses .... $
E. Reasonably anticipated lost wages ................................ $
F. Other documented items of damages (describe) .................... $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
The Plaintiff suffered a traumatic amputation to the right small finger along with a crush injury to the right long, ring finger and index fingers. In addition the Plaintiff underwent bone grafting and internal fixation of right scaphoid non-union.

TOTAL $ 130,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 2/14/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
MARCH 29, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT
                                               CIVIL ACTION NO: 05-0606

JOHN CARR                    )
        Plaintiff            )
                             )
                             )
V.                           )
                             )
                             )
                             )
SIEMENS DEMATIC CORP.        )
AND AMEC CONSTRUCTION        )
MANAGEMENT, INC.             )
        Defendants           )

### AFFIDAVIT OF BRIAN C. DEVER, ESQUIRE

1. On February 28, 2005, pursuant to G.L. Ch. 223A, §6, I mailed an original Summons along with a copy of the Complaint and Jury Demand and Civil Action Cover Sheet to the above-entitled defendant, Siemens Dematic Corporation, 507 Plymouth Avenue, N.E., Grand Rapids, MI, via certified mail/return receipt requested No. 7001 1940 0006 8944 3789, as evidenced by the attached copy of said correspondence;

2. On or about March 7, 2005, I received return receipt No. 7001 1940 0006 8944 3789 signed by Eric Belcher, with a date of delivery of March 3, 2005, as evidenced by the return receipt card attached hereto.

   SIGNED and sworn to under the pains and penalties of perjury this 8th day of March, 2005.

I HEREBY ATTEST AND CERTIFY ON
MARCH 29, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

_____
Brian C. Dever-BBO #544203
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508) 822-2000
ATTORNEY FOR THE PLAINTIFF