UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

JOHN CARR )
    Plaintiff )
)
v. )    CIVIL ACTION NO: 05-10445MLW
)
SIEMENS DEMATIC CORP. )
AND AMEC CONSTRUCTION )
MANAGEMENT, INC. )
    Defendants )

## JOINT STATEMENT OF THE PARTIES

The parties to this action, Plaintiff John Carr, and Defendants Siemens Dematic Corp. ("Siemens") and AMEC Construction Management, Inc. ("AMEC") submit this Joint Statement pursuant to Local Rule 16.1(D)(1) and (2) and the Notice of Scheduling Conference dated September 12, 2005. All of the proposals with respect to pretrial matters contained in this Statement are made jointly by the parties.

1.    Brief Background

This personal injury action stems from an incident on February 19, 2003, in which Plaintiff alleges he sustained severe personal injuries when a luggage conveyor machine manufactured by the Defendant Siemens failed to operate properly. Plaintiff has brought this negligence, breach of warranty and failure to supervise case against Siemens. Plaintiff also brought a negligence claim against the Defendant, AMEC, alleging that AMEC failed in its duty as construction manager to keep the work site reasonably safe and free from all foreseeable hazards.

Both Defendants deny liability and contest damages.

The Plaintiff demands trial by jury.

2.    Trial by Magistrate Judge

The parties at this time have assented to trial before a magistrate judge (with jury).

3.    Automatic Disclosures

The parties will make automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before October 7, 2005. However, since the parties have not had the opportunity to inspect the equipment, disclosures may be supplemented in a seasonable manner.

4.    Proposed Discovery Plan

The parties propose that discovery be conducted in accordance with the following provisions:

Case 1:05-cv-10445-RBC   Document 15   Filed 09/06/2005   Page 2 of 5

(a) <u>Interrogatories</u>

　　(I) Each party shall be limited to a total of 30 interrogatories to any other party.

　　(II) Each party may divide its permitted interrogatories into as many separate sets as it wishes.

　　(III) No interrogatories shall be served later than July 26, 2006.

(b) <u>Fed.R.Civ. P. 34 Requests</u>

　　(I) Each party shall be limited to a total of 30 separate Fed.R. Civ. P. 34 requests directed to any other party.

　　(II) Each party may divide its permitted Rule 34 requests into as many separate sets as it wishes.

　　(III) No Rule 34 requests shall be served later than July 26, 2006.

(c) <u>Fed. R. Civ. P. 36 Requests</u>

　　(I) Each party shall be limited to a total of 30 Rule 36 requests for admission of facts to any other party.

　　(II) Each party may divide its permitted requests for admission into as many separate sets as it wishes.

　　(III) No Rule 36 request for admission shall be served later than 90 days before the date set for commencement of trial.

(d) <u>Non-Party Documents-Only Subpoenas</u>

　　(I) There shall be no specific numerical limit on the number of documents-only subpoenas that the parties may serve on non-parties pursuant to Fed. R. Civ. P. 34(c) and 45. This provision is, however, without prejudice to the right of any party and of any non-party to move for protective order with respect to documents-only subpoenas, which they deem excessive, unreasonable, or otherwise inappropriate.

　　(II) The party serving the subpoena shall provide counsel for the other parties with copies of all documents received in response to it upon such counsel's written request for copies and agreement to pay the reasonable cost of making the copies.

(e) <u>Deposition of Fact Witnesses</u>

(I) Each party shall be limited to a total of 10 depositions of fact witnesses, including those conducted pursuant to Fed. R. Civ. P. 30(b)(6).

(II) No deposition of a fact witness shall last more than 7 hours, exclusive of a 1 hour lunch break, unless all parties and the witness agree or the court orders otherwise.

(III) Any party may record the deposition of any fact witness by audiovisual means without further order of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. Nothing in this subsection shall be to the prejudice of any party or witness to seek a protective order with respect to the proposed audiovisual recordation of a deposition if the party or witness believes there is a good cause for such an order.

(IV) All discovery depositions of fact witness shall be concluded to no later than August 25, 2006. Depositions of fact witnesses unlikely to be available to testify at trial, and taken for the purpose of eliciting trial testimony, may be taken later than August 25, 2006, insofar as the parties and the witness may agree or the court may order.

(f) <u>Expert Disclosures</u>

(I) The Plaintiff shall provide his Rule 26(a)(2) disclosure with respect to proposed trial experts no later than September 25, 2006. The Defendants shall provide their Rule 26(a)(2) disclosure with respect to proposed trial experts no later than November 7, 2006.

(II) The Plaintiff shall produce his proposed trial experts for deposition no later than October 25, 2006, regardless of location. The Defendants shall produce their proposed trial experts for deposition no later than November 25, 2006, regardless of location.

(III) Proposed trial experts shall be produced for deposition without need for service of a subpoena upon the witness. The party seeking the deposition shall serve a deposition notice with, if appropriate, a request for specified documents appended to it. It shall be the responsibility of the party proposing to introduce the proposed expert's testimony at trial to assure that the witness appears in accordance with the notice and produces the requested documents, except insofar as timely objection is made thereto.

(IV) The parties shall cooperate in selecting dates for depositions of proposed experts that are consistent with subsection (ii) and which are reasonably convenient for all counsel and witnesses. It shall be the responsibility of counsel for the parties to notify each of their proposed expert witnesses of the provision of this order regarding depositions of experts not later than two months before the Rule 26(a)(2) disclosures with respect to such experts are made, and to take timely measures to assure such witnesses' availability for deposition in accordance with subsection (ii).

(V) There shall be no specific limit to the length of any expert deposition. This provision is not, however, to the prejudice of any party or expert witness to seek a protective order with respect to a deposition which the party or witness deems to be unduly protracted.

(VI) Depositions of proposed trial experts shall be taken in or near the locality in which the witness works or resides unless both parties and the witness agree otherwise, or as ordered by the court.

(VII) Any party may record the deposition of any proposed expert witness by audiovisual means without further order of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. Nothing in this subsection shall be to the prejudice of any party or witnesses to seek a protective order with respect to proposed audiovisual recordation of a deposition if the party or witness believes there is a good cause for such an order.

(VIII) The party taking the deposition of a proposed expert witness shall be responsible for paying the witness for (a) his or her time actually spent at the deposition, (b) his or her time actually spent traveling to and from the deposition, except insofar as such travel may be attributable in part to other business of the witness, and (c) reasonable expenses (including coach air fare) actually incurred in traveling to and from the deposition, except insofar as such expenses may be attributable in part to other business of the witness. Such payment shall be made within 60 days after receipt by counsel who took the deposition of a bill itemizing the reimbursable charges described in this subsection. Payment for the witness' time shall be at the same rate charged by the witness for his or her services performed for the party which retained him or her, and not at a premium flat rate, unless otherwise agreed by the parties.

(IX) The party that takes the deposition of a proposed trial expert shall be entitled to receive copies of documents produced by witness in accordance with the deposition notice subsection (iii) upon the party's request for them and agreement to pay the reasonable copying cost.

5. Schedule of Motions

(a) Motions to amend the pleadings shall be filed no later than March 30, 2006.

(b) Motions to add third-party defendants shall be filed no later than April 30, 2006 except insofar as any amendment to the complaint allowed after the date of this order may make such addition appropriate. A motion to add a third-party defendant that is made appropriate by any such amendment shall be filed no later than 45 days after the amendment is allowed.

(c) Dispositive motions shall be filed no later than December 30, 2006.

(d) Motions for confidentiality orders with respect to materials requested in discovery and motions for protective orders with respect to discovery proceedings may be filed at any reasonable time after the issues to which they pertain arise, but before filing any such motion counsel for all parties shall engage in good faith negotiations in an effort to resolve the issues by agreement.

| | |
|---|---|
| The Plaintiff,<br>John Carr<br>By his attorney, | The Defendant<br>Siemens Dematic Corp.<br>By their attorney, |
| /s/ Daniel M. Surprenant<br>Brian C. Dever<br>BBO#544203<br>Daniel M. Surprenant<br>BBO #634616<br>Keches & Mallen, P.C.<br>122 Dean Street<br>Taunton, MA 02780<br>(508)-822-2000 | /s/ Carey L. Bertrand<br>Maynard M. Kirpalani<br>BBO #273940<br>Carey L. Bertrand<br>BBO # 650496<br>Wilson, Elser, Moskowitz, Edelman & Dicker<br>155 Federal Street<br>Boston, MA 02110<br>(617) 422-5300 |

The Defendant,
Amec Construction Management, Inc.
By its attorney,

/s/ Matthew M. Burke
Matthew M. Burke
BBO # 557281
Ropes & Gray
1 International Place
Boston, MA
(617) 951-7000

**SO ORDERED BY THE COURT:**

_____
U.S.D.C.J.