UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CARR,<br><br>    Plaintiff,<br><br>v.<br><br>SIEMENS DEMATIC CORP., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-10445-RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF AMEC CONSTRUCTION MANAGEMENT, INC.'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY REQUESTS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, AMEC Construction Management, Inc. ("AMEC") moves to compel Plaintiff to respond to document requests propounded by AMEC on December 1, 2005 and to interrogatories propounded by AMEC on December 1, 2005.

This motion is necessitated by Plantiff's refusal to respond to document requests and interrogatories served on him over three months ago. Plaintiff has not objected to the document requests or interrogatories, but instead repeatedly promised to abide by his discovery obligations under the Federal Rules of Civil Procedure and then failed to do so.

### STATEMENT OF FACTS

Plaintiff initiated this action on February 14, 2005. On December 1, 2005, AMEC filed its First Request for Production of Documents to Plaintiff and First Set of Interrogatories to

Plaintiff. Affidavit of Gabriel D. O'Malley ("O'Malley Aff.") Exhs. 1 and 2. Plaintiff's responses to the outstanding document requests were due January 3, 2006, and his responses to the interrogatories were due January 18. No responses were received from Plaintiff on these dates. On January 18, 2005, Matthew M. Burke, counsel for AMEC, offered Plaintiff a two-week extension of time to fulfill his discovery obligations under the Federal Rules of Civil Procedure. O'Malley Aff., Exh. 3. Having received no response from Plaintiff's counsel by February 1, 2005, Mr. Burke sent a letter request to Plaintiff's counsel asking when he could expect discovery. O'Malley Aff., Exh. 4. Thereafter, on three occasions, including phone calls on February 16 and February 23, Plaintiff promised to produce discovery responses within a week of each conversation. O'Malley Aff., ¶ 8. On February 27, AMEC's counsel, Gabriel O'Malley, and Plaintiff's counsel spoke by telephone and Plaintiff's counsel promised to provide discovery by March 6. O'Malley Aff., ¶ 9. Again, Plaintiff did not abide by his agreement with counsel, and, on March 6, in a letter to Plaintiff's counsel, AMEC offered Plaintiff until March 8 to provide discovery. O'Malley Aff., Exh. 5. Plaintiff's counsel responded by requesting additional time – until March 10 – to serve AMEC with its discovery responses. O'Malley Aff., Exh. 6. Wishing to avoid involving the Court unnecessarily by filing a motion to compel prematurely, AMEC agreed to this extension. O'Malley Aff., ¶ 12.

March 10 has now come and gone, as has every other agreed-upon date for Plaintiff's discovery responses. At all times, AMEC has engaged Plaintiff's counsel, through telephone calls and letters, in an attempt to accommodate Plaintiff's counsel's requests for extensions when reasonable. In each instance, Plaintiff's counsel has abused AMEC's willingness to offer an extension of time, forcing AMEC to seek an order from the Court to enforce Plaintiff's discovery obligations.

ARGUMENT

Plaintiff's failure to provide any response whatsoever to AMEC's discovery is a clear violation of Rules 33 and 34 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(2)(B). Moreover, AMEC is entitled to (1) an Order deeming waived any objections Plaintiff may have to the pending discovery and (2) fees and costs incurred in connection with this motion. See Demary v. Yamaha Motor Corp., 125 F.R.D. 20 (D. Mass. 1989).

CONCLUSION

For the foregoing reasons, AMEC respectfully requests that the Court grant its Motion to Compel.

AMEC CONSTRUCTION
MANAGEMENT INC.

By its attorneys,


/s/ Matthew M. Burke
Matthew M. Burke (BBO # 557281)
Gabriel D. O'Malley (BBO # 651432)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Dated: March 13, 2006

CERTIFICATE OF SERVICE

I hereby certify that this pleading was served by mail upon counsel for all parties on March 13, 2006.

Gabriel D. O'Malley