UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-10445-RBC |
| SIEMENS DEMATIC CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## AFFIDAVIT OF GABRIEL D. O'MALLEY

Gabriel D. O'Malley, Esq.. being duly sworn, deposes and says:

1. I am an associate with the law firm of Ropes & Gray LLP, attorney for the Defendant AMEC Construction Management, Inc. ("AMEC").

2. I submit this Affidavit from personal knowledge and in support of AMEC's Motion to Compel Plaintiff to fulfill his discovery obligations.

3. Plaintiff initiated this action on February 14, 2005.

4. On December 1, 2005, AMEC served its First Request for Production of Documents to Plaintiff. Attached hereto as Exhibit 1 is a true and correct copy of the First Request for the Production of Documents.

5.  On December 1, 2005, AMEC also served its First Set of Interrogatories to Plaintiff. Attached hereto as Exhibit 2 is a true and correct copy of the First Set of Interrogatories to Plaintiff.

6.  On January 18, 2006, Matthew M. Burke, counsel for AMEC, offered Plaintiff a two-week extension of time to fulfill his discovery obligations under the Federal Rules of Civil Procedure. Attached hereto as Exhibit 3 is a true and correct copy of Mr. Burke's letter of January 18, 2006.

7.  Having received no response from Plaintiff's counsel by February 1, 2006, Mr. Burke sent a letter request to Plaintiff's counsel asking when he could expect discovery. Attached hereto as Exhibit 4 is a true and correct copy of Mr. Burke's letter of February 1, 2006.

8.  Thereafter, on three occasions, including February 16 and February 23, Plaintiff promised to produced discovery responses within a week of each conversation.

9.  On February, 27, I spoke with Plaintiff's counsel by telephone and Plaintiff's counsel promised to provide discovery by March 6.

10. Plaintiff did not abide by his agreement with counsel, and, on March 6, in a letter to counsel, AMEC offered Plaintiff until March 8 to provide discovery. Attached hereto as Exhibit 5 is a true and correct copy of AMEC's letter of March 6, 2006.

11. Plaintiff's counsel responded by requesting additional time – until March 10 – to serve AMEC with its discovery responses. Attached hereto as

Exhibit 6 is a true and correct copy of Plaintiff's facsimile of March 6, 2006.

12.     Wishing to avoid involving the Court unnecessarily by filing a motion to compel prematurely, AMEC agreed to this extension.

13.     AMEC has not to date received discovery responses from Plaintiff.


Gabriel D. O'Malley

Sworn to Before Me this 10th day of March, 2006.

Rosemarie Shrensky

My Commission Expires: 11/13/09

# Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN CARR,<br><br>        Plaintiff,<br><br>    v.<br><br>SIEMENS DEMATIC CORP., et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-10445-RBC |

## AMEC CONSTRUCTION MANAGEMENT, INC.'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 34, Defendant AMEC Construction Management, Inc. requests that Plaintiff provide for inspection and copying the documents described below.

## DEFINITIONS

1.    The term "document" refers to all materials within the scope of Fed. R. Civ. P. 34 and includes, but is not limited to, originals and all copies of any written material whatsoever, including any contract, agreement, invoice, receipt, letter, correspondence, memorandum, report, opinion, complaint, note (handwritten or otherwise), telex, telegram, diary, newspaper article, press release, summary of report, record of an investigation, or any other handwritten, written, printed, typed, or otherwise recorded information or material, however produced or reproduced; any tape or other sound recordings; any video recordings; any computer printouts, tapes or memories; any photographic or graphic materials, including X-rays, CT scans, magnetic resonance imaging scans ("MRIs"); and any microfilm in the custody, possession or control of

the Plaintiff. Further, different versions or copies of the same documents (e.g., drafts, revisions, or copies of documents with differing handwritten notations) are different documents within this definition.

2.    The term "correspondence" refers to and includes, but is not limited to, any letter, telegram, telex, notice, message, memorandum, or other written communication or transcription or notes of a communication

3.    The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise) and any response thereto and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of a document or documents. A request for all documents concerning any communication among or between specified parties includes a request for any communication among or between such parties, whether or not such communication also included or was directed to any other person.

4.    The term "relating to" includes, but is not limited to, portraying, recording, discussing, concerning, containing, mentioning, noting, evidencing, memorializing, analyzing, describing, supporting, commenting upon, referring to, consisting of, forming the basis of, having any connection with, or having any tendency to prove or disprove the subject matter of the request.

5.    "You", "your", and "Plaintiff" refer to John Carr.

6.    To the extent necessary to bring within the scope of the document production requests contained herein any document that might otherwise be construed to be outside their scope (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the word "any" means "any and all"; (e) the singular includes the plural

and the plural includes the singular; and (f) masculine pronouns denote the correlative feminine pronouns.

     7.    The term "Complaint" means Plaintiff's Complaint in the above-referenced case.

     8.    Unless otherwise indicated, the term "incident" refers to the events by which Plaintiff allegedly was injured and for which Plaintiff seeks recovery in this action.

     9.    "Condition" refers to all physical and psychological ailments, illnesses, injuries, diseases, defects and the like.

     10.    "Medical treatment and care" refers to physical and psychological treatments, therapies, examinations, diagnostic tests, and operations, including but not limited to medications, X-rays, CT scans, MRIs, electromyographic charts, rehabilitative therapies, pain management treatments, psychiatric consultations, and home nursing care.

     11.    Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

## INSTRUCTIONS

     1.    In producing documents in response to this request, you are required to furnish all documents in your possession, custody or control that are known or available to you, regardless of whether those documents are possessed by you, or by any agent, attorney, representative, or employee. You must make a diligent search of your records and of other papers and materials in your possession or available to you or your attorneys or other representatives.

     2.    When responding to this request for production of documents, you are requested to respond in writing and state as to each of the requests:

          (a) that there are documents responsive to the request, and that they will be produced;

(b) that there are documents responsive to the request, but that you refuse to produce them because of a claim of privilege or for some other reason; or

(c) that there are no documents responsive to the request.

3.     If you assert any privilege in responding to this request, specify in each instance the type of privilege asserted and specify the basis for the assertion, state all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all communications and documents as to which you claim a privilege.

4.     As to any document(s) called for in this request which no longer exists, but which you are aware existed at one time, please identify such document(s) and, in addition, identify the last known location and the reason such document(s) is no longer in existence.

5.     In the event you object to any request set forth below on the basis of a contention that it is overbroad for any reason, please respond to that request as narrowed in such a way as to render it not overbroad in your opinion, and state the extent that you have narrowed that request for purposes of your response.

6.     The document requests contained herein shall be deemed to be continuing; that is, you must supplement your responses if you obtain any additional documents between the time the responses to these requests are served and the time of trial. Such additional responses shall be served and additional documents produced from time to time, but not later than thirty (30) days after such additional documents are discovered, obtained or received.



## REQUESTS

1.     All documents relating to any statement of the Plaintiff relating to the alleged incident.

2.    All documents relating to any statement of any witness relating to the alleged incident.

3.    All documents relating to any statement of AMEC or of their employees, agents, or servants relating to the alleged incident.

4.    All accident reports, incident reports, investigation reports or similar documents relating to the alleged incident.  This request includes all such documents prepared by or for a Worker's Compensation Insurer and all such documents prepared by or for Shaughnessy, Massport, AMEC, or Siemens.

5.    All documents relating to the damages claimed by Plaintiff and the method or manner by which he calculated the alleged damages.

6.    All photographs, photographic materials, and video recordings relating to the alleged incident, including but not limited to the scene of the alleged incident and the injuries allegedly suffered by Plaintiff.

7.    All documents relating to the medical care and treatment Plaintiff received for injuries or conditions that he allegedly suffered as a result of the alleged incident, including bills for such services.

8.    All documents relating to medical care and treatment received by Plaintiff prior to February 19, 2003, for any injury or condition related to his right hand.  This request includes all such documents relating to any accident or injury to Plaintiff's right hand which he has sustained in his lifetime.

9.    All investigation, incident, and accident reports relating to any accident or injury to Plaintiff's right hand that he sustained in his lifetime.

10.    Copies of Plaintiff's federal and state tax returns and W-2 wage statements for calendar years 2000 through 2004, and any other documents concerning wages, salary, tips, bonuses, fees, payments, and/or all other forms of earned and unearned income received by Plaintiff between 2000 and the date of response to this request.

11.    All documents relating to any employment of Plaintiff from 2001 to the date of response to this request, including but not limited to his employment with Shaughnessy.

12.    All documents relating to any efforts made by Plaintiff to secure any full or part-time employment or to enter into any business or independent contractor relationship between February 19, 2003 and date of response to this request, including, but not limited to, all correspondence and communications with potential or actual employers or businesses and all versions of the his resume.

13.    All documents relating to any reimbursement of medical costs, unemployment compensation, workers' compensation, social security benefits, or other public assistance Plaintiff has applied for and/or received between 2003 and the date of response to this request.

14.    For the period commencing twenty-four months before the incident alleged in the Complaint, all documents relating to Plaintiff's time lost from work because of any medical treatment and care, and/or any injury or condition.

15.    All documents that support, contradict, or relate to Plaintiff's allegations in Paragraph 30 of the Complaint that Defendant AMEC "had a duty to keep the jobsite reasonably safe and free from all foreseeable hazards."

16.    All documents that support, contradict, or relate to Plaintiff's allegations in Paragraph 31 of the Complaint that the alleged negligence of Defendant AMEC caused the injuries alleged in Paragraph 32 of the Complaint

17.    All documents relating to other actions or claims that Plaintiff or someone on his behalf filed as a result of the alleged incident or any other incident or injury within the past ten years. This request includes all documents relating to claims for social security benefits, disability insurance, and workers' compensation benefits.

18.    All documents not otherwise requested that refer or relate to employment for or work performed by Plaintiff at the job site referenced in the Complaint.

19.    All calendars, diaries, journals, or notebooks maintained by the Plaintiff between 2002 and the present date that refer or relate to any aspect of the incident, consequences, conditions, injuries, or damages that are the subject of this action.

20.    All documents identified in Plaintiff's Rule 26(a)(1) initial disclosures.

21.    All documents not otherwise requested above that the Plaintiff contend support, detract from, contradict, or in any way relate to the claims asserted in the Complaint.

AMEC CONSTRUCTION
MANAGEMENT INC.

By its attorneys,

*Matthew M. Burke*

Matthew M. Burke (BBO # 557281)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Dated:  December 1, 2005

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that this pleading was served by first-class mail upon counsel for all

parties on December 1, 2005.

*Matthew M. Burke*

Matthew M. Burke

# Exhibit 2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 05-10445-RBC |
| SIEMENS DEMATIC CORP., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## AMEC CONSTRUCTION MANAGEMENT, INC.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Mass. R. Civ. P. 33, Defendant AMEC Construction Management, Inc.

("AMEC") submits the following interrogatories to Plaintiff to be answered within 45 days.

## DEFINITIONS

1.    "You", "your", and "Plaintiff" refers to John Carr.

2.    "Complaint" means Plaintiff's Complaint in the above-referenced case.

3.    Unless otherwise indicated, "incident" refers to the events by which Plaintiff

allegedly was injured and for which Plaintiff seeks recovery in this action.

4.    "Describe in detail" means to provide Defendant AMEC with fair and reasonable

notice of the information currently known or available to you concerning the item in question.

To the extent necessary to provide Defendant AMEC with such notice, "describe in detail"

means to provide a factual summary setting forth the substance of, and identifying any person

participating in, witnessing or having knowledge (whether first-hand or otherwise) of any fact, action, occurrence, conduct, event, circumstances or communication concerning the item in question, to include relevant times, locations (specified in feet and inches from geographical or other landmarks, where appropriate), and sequence of events.

5.    To "identify" or provide the "identity" of a person means to state the following:

(a)    the person's full name;

(b)    the person's occupation, job description or title;

(c)    the person's present residential address and phone number; and

(d)    the person's present business address and phone number, or if these present addresses and phone numbers are unknown, the person's last known addresses and phone numbers, identified as such.

Identify by physical description if all other information is lacking.

6.    The phrase "state the basis" means the following:

(a)    state separately the acts or omissions to act on the part of any person (identifying acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; 

(b)    state separately any other fact which forms the basis of your information regarding the alleged facts or legal conclusions referred to in the interrogatory;

- 2 -

(c)    identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory; and

(d)    identify each and every document which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory.

7.    "Communication" means correspondence, contact, conversation, discussion or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a document or documents.

8.    The term "relating to" includes, but is not limited to, portraying, recording, discussing, concerning, containing, mentioning, noting, evidencing, memorializing, analyzing, describing, supporting, commencing upon, referring to, consisting of, forming the basis of, having any connection with, or having any tendency to prove or disprove the related subject matter.

9.    Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common ordinary sense.

## INSTRUCTIONS

1.      Unless otherwise specified, the information to be provided in response to the interrogatories contained herein includes any and all information that was generated, received or otherwise came into existence during the period April 2, 2002 through and including the date of your response to these interrogatories.

2.      If any information responsive to the interrogatories contained herein is claimed to be privileged or otherwise protected from discovery in whole or in part, identify each person who has knowledge of such information or to whom such information has been communicated, and state with particularity the nature and basis of the claim or privilege in sufficient detail to permit the Court to adjudicate the validity of such claim.

3.      If any of the interrogatories contained herein are claimed to be objectionable, then (a) the portion of such interrogatory that is claimed to be objectionable shall be identified and the nature and basis of the objection shall be stated with sufficient particularity and in sufficient detail to permit the Court to adjudicate the validity of the objection, (b) any information withheld from production pursuant to such objection shall be identified with sufficient particularity and in sufficient detail to permit the Court to determine whether the information falls within the scope of such objection, and (c) an answer shall be given to so much of each such interrogatory as is not claimed to be objectionable.

4.      The obligation to provide full answers to these interrogatories shall be deemed to be continuing, and Plaintiff is required to supplement his answers as specified in Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1.   Please list the address of any location that you have resided during the period from February 2003 to the present, and the dates that you resided at each location.

2.   For the five (5) working days both prior to and (if applicable) after the February 19, 2003 incident, please describe in detail the work you performed on each of those days, including: the job requirements, the tools and equipment you used, the activities you engaged in, the times you started and stopped work throughout the day, where on the job site you worked, and who supervised your work.

3.   Please identify the precise location at the jobsite where the incident occurred.

4.   Please identify all communications you have had regarding the alleged incident, including but not limited to communications with those whom you believe to have been witnesses and who are identified in the preceding interrogatory.

5.   Please identify all communications you have had regarding any alleged injuries you suffered as a result of the alleged incident.

6.   To the extent you are claiming personal injuries as a result of the alleged incident, please describe in detail the injuries you allegedly received; any injuries that you maintain are permanent; any medical examinations or treatment you received, giving the date and name and address of the healthcare provider; the dates, if any, that your ability to work was compromised; and in what way and what extent you are presently suffering from any injury for which you seek recovery in this action.

7.   Please describe in detail any accident, incident, or other matter in which you were involved in your lifetime that resulted in injury to your right hand.

8.    Please identify each physician or physical therapist under whose care you have been or by whom you have been examined in the last fifteen years, including but not limited to each physician or therapist's name, business address, and area of specialization, if any.

9.    Please set forth the dates that you have worked in any employment or business relationship, including self-employment, since February 19, 2003; identify the employer(s) and set forth your job title(s) and compensation earned in such employment or business relationship(s).

10.    Please describe in detail the sources and amounts of all wages, salary, tips, bonuses, fees, payments and/or all other forms of earned or unearned income or financial support, including any forms of public assistance, unemployment compensation, social security benefits, and workers' compensation benefit payments, that you have received between February 19, 2003 and the date of your response to these Interrogatories.

11.    Please identify all claims that you have made under workers' compensation in the past ten years, including the date of the injury, the name of the employer, the name of the insurer, the reason for the claim, and the amounts of benefits received, if any.

12.    In the 24-hour period prior to the alleged incident, please state whether you drank any alcoholic beverage or took or ingested any drug, narcotic, sedative, tranquillizer, or any other form of medication; and, if so, please state the name and address of each place where you had any such drink; the type, brand or name of each drink consumed; the number, quantity and amount of any such drinks consumed; the date and time of taking or ingesting any form of drug, narcotic, sedative, tranquilizer, or any other form of medication; the type, brand or name of each drug or medication ingested; the number, quantity and amount of any such drug or medication

ingested; and if any of the drugs or medications was prescribed, please state the name and address of the medical provider by whom it was prescribed.

13. Please state whether you have been (a) sentenced within the past five years on conviction for a misdemeanor, (b) convicted of a felony within the past ten years, (c) sentenced upon conviction of a felony in the past ten years, or (d) convicted of a felony and sentenced to state prison where the minimum term of such imprisonment has expired within the past ten years; and, if so, then for each such occasion, identify the date, court, title, and docket number of the criminal action, the crime or crimes, and the sentence.

14. Please describe in detail any training, education or orientation you have received or participated in regarding or related to workplace safety.

15. Please describe in detail any occasion on which you were disciplined, cited, reprimanded, or otherwise received or participated in any communication related to a failure on your part to comply with workplace safety guidelines, rules, standards and/or requirements.

16. Please state the basis for your contention in Paragraph 30 of the Complaint that Defendant AMEC "had a duty to keep the jobsite reasonably safe and free from all foreseeable hazards."

17. Please state the basis for your contention in Paragraph 31 of the Complaint that the alleged negligence of Defendant AMEC caused the injuries alleged in Paragraph 32 of the Complaint, specifying in detail what Defendant AMEC did or omitted to do, and identifying any federal, state or local government regulation, or any standard established by any trade group or other organization that you claim Defendant AMEC violated or failed to comply with that caused or contributed to your injuries.

AMEC CONSTRUCTION
MANAGEMENT INC.

By its attorneys,

*[signature: Matthew M. Burke]*

Matthew M. Burke (BBO # 557281)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Dated:  December 1, 2005

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was served by first-class mail upon counsel for all

parties on December 1, 2005.

*[signature: Matthew M. Burke]*

Matthew M. Burke

# Exhibit 3

# ROPES & GRAY

ROPES & GRAY LLP
ONE INTERNATIONAL PLACE     BOSTON, MA 02110-2624     617-951-7000     F 617-951-7050
BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

January 18, 2006

Matthew M. Burke
(617) 951-7589
matthew.burke@ropesgray.com

Daniel M. Surprenant, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA  02780

Re:     Carr v. Siemens Dematic Corp., et al
        USDC C.A. No. 05-10445MLW
        Our File No.: 00965.00220

Dear Dan:

This letter will confirm our conversation today regarding plaintiff's responses to our outstanding document requests, which were due January 3, and interrogatories, which are due today. I agreed to an extension of time to respond subject to your agreement to a similar extension for AMEC's responses to plaintiff's interrogatories, which are due January 24. Please advise when within the next two weeks you expect to serve plaintiff's responses to the document requests and interrogatories.

Sincerely,

*Matthew M. Burke*

Matthew M. Burke

MMB:sms/9878308_1

# Exhibit 4

# ROPES & GRAY

ROPES & GRAY LLP
ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

February 1, 2006

Matthew M. Burke
(617) 951-7589
matthew.burke@ropesgray.com

Daniel M. Surprenant, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA  02780

Re:    Carr v. Siemens Dematic Corp., et al
       USDC C.A. No. 05-10445MLW
       Our File No.:  00965.00220

Dear Dan:

Further to my letter of January 18, please advise when you will be providing responses to
AMEC's outstanding document requests (due January 3) and interrogatories (due January 18)
and producing documents.  This discovery is required before the plaintiff may be deposed, and
plaintiff's deposition is required in order to evaluate the case, which the Court has requested the
parties to do before the March status conference.

Sincerely,

Matthew M. Burke

MMB:sms/9878308_2

# Exhibit 5



ROPES & GRAY LLP

ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

March 6, 2006

Gabriel D. O'Malley
(617) 951-7656
gabriel.o'malley@ropesgray.com

## BY FASCIMILE AND FEDERAL EXPRESS

Daniel M. Surprenant, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA 02780

Re:    Carr v. Siemens Dematic Corp., et al
       USDC C.A. No. 05-10445MLW
       Our File No.: 00965.00220

Dear Dan:

I am writing this letter to follow up on our phone call on Monday, February 27, 2006, in which we agreed that you would provide us with plaintiff's responses to our outstanding document requests, which were due January 3, and interrogatories, which were due January 18, by Friday March 3. I called you on March 1 and March 2 to confirm our agreement but was unable to reach you. In each instance, I left a phone message indicating my desire to confirm our agreement.

We have yet to receive the outstanding responses to the document requests and interrogatories. If we have not received these discovery responses by Wednesday, March 8, 2006, we will be forced to file a motion to compel with the Court to ensure that you meet your discovery obligations under the Federal Rules of Civil Procedure.

Sincerely,

Gabriel O'Malley

# Exhibit 6

# KECHES & MALLEN, P.C.

**ATTORNEYS AT LAW**

122 Dean Street
Taunton, MA 02780
(508) 822-2000
Fax (508) 822-8022
*www.keches-mallen.com*

George N. Keches
Richard T. Mallen
Joseph F. Agnelli, Jr.
Brian C. Cloherty
Brian C. Dever
Judith B. Gray**
Charlotte E. Glinka

Kathy Jo Cook
Claudine A. Cloutier*
Seth J. Elin
Matthew F. King
Ernest J. Palazzolo, Jr.
Mark D. Warcup
Daniel M. Surprenant
Kristen E. Ferris*

*Of Counsel*
Ann Marie Maguire

Gregg J. Pasquale
Melissa A. White

**DIRECT ALL CORRESPONDENCE TO
THE TAUNTON OFFICE**

**BOSTON OFFICE**
141 Tremont Street, 6th Floor
Boston, MA 02111
(617) 426-7900

**FALL RIVER OFFICE**
321 North Main Street
Fall River, MA 02721
(508) 676-7900

**WORCESTER OFFICE**
41 Elm Street
Worcester, MA 01609
(508) 798-7900

**NEW BEDFORD OFFICE**
167 William Street
New Bedford, MA 02740
(508) 994-7900

*Admitted in Massachusetts and Rhode Island
**Admitted in Massachusetts, Rhode Island and Connecticut

March 6, 2006

*Sent via facsimile to: 617-951-7050*
R. Gabriel O'Malley, Esq.
Ropes & Gray LLP
One International Place
Boston, MA 02110

Re:   John Carr v. Siemens Dematic Corporation et al.
      Civil Action No. 05-10445MLW

Dear Mr. O'Malley:

In response to your voicemail message, I am currently working on the John Carr Answers to Interrogatories and expect to have them to you no later than Friday, March 10, 2006.

Thank you for your attention to this matter.

Very truly yours,

Keches & Mallen, P.C.

Daniel M. Surprenant

DMS/nap