UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

JOHN CARR                          )
      Plaintiff                )
                                   )
v.                                 )        CIVIL ACTION NO: 05-10445MLW
                                   )
SIEMENS DEMATIC CORP.              )
AND AMEC CONSTRUCTION              )
MANAGEMENT, INC.                   )
      Defendants               )

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT ORDER ON AMEC CONSTRUCTION MANAGEMENT, INC.'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY REQUESTS (NO. 21)

Now comes the Plaintiff in the above captioned matter and respectfully requests that this Honorable Court reconsider its Order of April 5, 2006, and, in so doing, DENY the Defendant's Motion to Compel Plaintiff to Comply with Discovery requests.  As grounds therefore, the Plaintiff states as follows:

1.    The Defendant, AMEC Construction Management, Inc., served the Motion to Compel Plaintiff to Comply With Discovery Requests on March 13, 2006. (Please see AMEC's Motion and Certificate of Service dated March 13, 2006, attached as tab 1).

2.    Plaintiff's Answer to Interrogatories were served to defense counsel on March 22, 2005.  (Please see Certificate of Service, attached as tab 2.)

3.    Plaintiff's Responses to the Requests for Production of Documents by both defendants were served to defense counsel on March 24, 2006.  (Please see Certificate of Service, attached at tab 3.)

4.    On March 24, 2006, the Plaintiff mailed, via Federal Express, his Opposition to AMEC Construction Management, Inc.'s Motion to Compel Plaintiff to Comply with Discovery Requests, within the fourteen day period allowed by U.S.D.C.

Local Rule 7.1(B)(2). (See <u>Plaintiff's Opposition to AMEC Construction Management Inc.'s Motion to Compel Plaintiff to Comply with Discovery Requests</u>, Affidavit of Daniel M. Surprenant and Certificate of Service, attached as tab 4.)

5.    On March 27, 2006, the Plaintiff's Opposition arrived at the United States District Court at 10:55 a.m. (See Federal Express shipment tracking sheet, attached at tab 5.)

6.    On April 5, 2006, the Court issued the current Order with the understanding that no opposition had been filed. (Please see <u>Memorandum and Order on AMEC Construction Management, Inc.'s Motion to Compel Plaintiff to Comply with Discovery Requests ( NO. 21)</u>.) The Court's Memorandum and Order reflects the Courts understanding of the circumstances at that time, namely that the Plaintiff had not filed an opposition, had not served answers to both defendants' interrogatories and had not served responses to both defendants' requests for production of documents. (Please see Memorandum and Order, attached at tab 6.) Within the Memorandum, the Court ordered the Plaintiff to serve Answers to the Interrogatories Propounded by AMEC, to serve Responses to AMEC's Requests for Production of Documents and to produce copies of all requested documents on or before the close of business on Friday, April 28, 2006.

7.    The Memorandum further orders that the Plaintiff, John Carr, has waived any and all objections he might have had to the interrogatories and requests by failing to assert specific objections to the request within the time set by the Federal Rules of Civil Procedure.

8.    With respect to the claim for reasonable expenses, the Court ordered that counsel for AMEC shall file and serve, on or before the close of business on Friday, April 28, 2006, an affidavit or affidavits documenting the amount that AMEC will claim as reasonable expenses, including attorney's fees, which AMEC incurred in

obtaining the within order. The Court then allowed the Plaintiff John Carr leave

to file and serve a response/opposition on or before the close of business Friday,

May 12, 2006.

9.    The Plaintiff re-asserts and incorporates by reference the arguments made in his

Opposition to the Defendant's Motion to Compel.

10.   The Plaintiff asserts that he has, prior to the Court Order and within the time

allowed by U.S.D.C. Local Rule 7.1(B)(2), fulfilled all discovery obligations that

no party has been prejudiced by the relatively limited delay as that no party has

received the relevant documents in the hands of Massport.

WHEREFORE, based upon the arguments set forth and Plaintiff's Opposition to

Opposition to AMEC Construction Management Inc.'s Motion to Compel Plaintiff to Comply

with Discovery Requests, that Plaintiff has served all Answers to Interrogatories and Responses

to Production of Documents and has timely filed his Opposition to the Defendant's Motion to

Compel, in the interest of Justice the Plaintiff respectfully requests that this Honorable Court

reconsider its Memorandum and Order and deny the Defendant's Motion to Compel in its

entirety.

Respectfully Submitted,
The Plaintiff, John Carr,
By his Attorneys,


Brian C. Dever
BBO# 544203
Daniel M. Surprenant,
BBO# 634616
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA   02780

# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-10445-RBC |
| SIEMENS DEMATIC CORP., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**AMEC CONSTRUCTION MANAGEMENT, INC.'S MOTION TO COMPEL
PLAINTIFF TO COMPLY WITH DISCOVERY REQUESTS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, AMEC Construction

Management, Inc. ("AMEC") moves to compel Plaintiff to respond to document requests

propounded by AMEC on December 7, 2005 and to interrogatories propounded by AMEC on

December 7, 2005.

The grounds and evidence in support of this motion are presented in the memorandum,

Affidavit of Gabriel D. O'Malley, and the Certification of Counsel, all of which are filed

herewith. A proposed Order is submitted with this motion.

WHEREFORE, AMEC prays:

A.     That the Court grant AMEC's Motion to Compel Plaintiff to fulfill his discovery

obligations.

B.     That the Court award Plaintiff the cost of bringing this motion; and

C.     That the Court provide any other just and equitable relief that it deems

appropriate.

AMEC CONSTRUCTION
MANAGEMENT INC.

By its attorneys,


/s/ Matthew M. Burke_____
Matthew M. Burke (BBO # 557281)
Gabriel D. O'Malley (BBO # 651432)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Dated:  March 13, 2006

## CERTIFICATION OF COUNSEL

Pursuant to Local Rules 37.1 and 7.1(A)(2) of the United States District Court for the District of Massachusetts and Rule 37 of the Federal Rules of Civil Procedure, I, Gabriel O'Malley, an attorney for AMEC Construction Management, Inc., hereby certify that I have conferred in good faith with Plaintiff's counsel on a number of occasions in an effort to secure the past-due discovery responses without Court action.

Gabriel D. O'Malley (BBO # 651432)

Dated: March 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was served by mail upon counsel for all parties on March 13, 2006.

Gabriel D. O'Malley

- 3 -

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-10445-RBC |
| SIEMENS DEMATIC CORP., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF AMEC CONSTRUCTION MANAGEMENT, INC.'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY REQUESTS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, AMEC Construction Management, Inc. ("AMEC") moves to compel Plaintiff to respond to document requests propounded by AMEC on December 1, 2005 and to interrogatories propounded by AMEC on December 1, 2005.

This motion is necessitated by Plantiff's refusal to respond to document requests and interrogatories served on him over three months ago. Plaintiff has not objected to the document requests or interrogatories, but instead repeatedly promised to abide by his discovery obligations under the Federal Rules of Civil Procedure and then failed to do so.

### STATEMENT OF FACTS

Plaintiff initiated this action on February 14, 2005. On December 1, 2005, AMEC filed its First Request for Production of Documents to Plaintiff and First Set of Interrogatories to

Plaintiff. Affidavit of Gabriel D. O'Malley ("O'Malley Aff.") Exhs. 1 and 2. Plaintiff's responses to the outstanding document requests were due January 3, 2006, and his responses to the interrogatories were due January 18. No responses were received from Plaintiff on these dates. On January 18, 2005, Matthew M. Burke, counsel for AMEC, offered Plaintiff a two-week extension of time to fulfill his discovery obligations under the Federal Rules of Civil Procedure. O'Malley Aff., Exh. 3. Having received no response from Plaintiff's counsel by February 1, 2005, Mr. Burke sent a letter request to Plaintiff's counsel asking when he could expect discovery. O'Malley Aff., Exh. 4. Thereafter, on three occasions, including phone calls on February 16 and February 23, Plaintiff promised to produce discovery responses within a week of each conversation. O'Malley Aff., ¶ 8. On February 27, AMEC's counsel, Gabriel O'Malley, and Plaintiff's counsel spoke by telephone and Plaintiff's counsel promised to provide discovery by March 6. O'Malley Aff., ¶ 9. Again, Plaintiff did not abide by his agreement with counsel, and, on March 6, in a letter to Plaintiff's counsel, AMEC offered Plaintiff until March 8 to provide discovery. O'Malley Aff., Exh. 5. Plaintiff's counsel responded by requesting additional time – until March 10 – to serve AMEC with its discovery responses. O'Malley Aff., Exh. 6. Wishing to avoid involving the Court unnecessarily by filing a motion to compel prematurely, AMEC agreed to this extension. O'Malley Aff., ¶ 12.

March 10 has now come and gone, as has every other agreed-upon date for Plaintiff's discovery responses. At all times, AMEC has engaged Plaintiff's counsel, through telephone calls and letters, in an attempt to accommodate Plaintiff's counsel's requests for extensions when reasonable. In each instance, Plaintiff's counsel has abused AMEC's willingness to offer an extension of time, forcing AMEC to seek an order from the Court to enforce Plaintiff's discovery obligations.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN CARR,<br><br>           Plaintiff,<br><br>    v.<br><br>SIEMENS DEMATIC CORP., et al.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-10445-RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF GABRIEL D. O'MALLEY

Gabriel D. O'Malley, Esq.. being duly sworn, deposes and says:

1.  I am an associate with the law firm of Ropes & Gray LLP, attorney for the
    Defendant AMEC Construction Management, Inc. ("AMEC").

2.  I submit this Affidavit from personal knowledge and in support of
    AMEC's Motion to Compel Plaintiff to fulfill his discovery obligations.

3.  Plaintiff initiated this action on February 14, 2005.

4.  On December 1, 2005, AMEC served its First Request for Production of
    Documents to Plaintiff. Attached hereto as Exhibit 1 is a true and correct
    copy of the First Request for the Production of Documents.

5.    On December 1, 2005, AMEC also served its First Set of Interrogatories to Plaintiff. Attached hereto as Exhibit 2 is a true and correct copy of the First Set of Interrogatories to Plaintiff.

6.    On January 18, 2006, Matthew M. Burke, counsel for AMEC, offered Plaintiff a two-week extension of time to fulfill his discovery obligations under the Federal Rules of Civil Procedure. Attached hereto as Exhibit 3 is a true and correct copy of Mr. Burke's letter of January 18, 2006.

7.    Having received no response from Plaintiff's counsel by February 1, 2006, Mr. Burke sent a letter request to Plaintiff's counsel asking when he could expect discovery. Attached hereto as Exhibit 4 is a true and correct copy of Mr. Burke's letter of February 1, 2006.

8.    Thereafter, on three occasions, including February 16 and February 23, Plaintiff promised to produced discovery responses within a week of each conversation.

9.    On February, 27, I spoke with Plaintiff's counsel by telephone and Plaintiff's counsel promised to provide discovery by March 6.

10.   Plaintiff did not abide by his agreement with counsel, and, on March 6, in a letter to counsel, AMEC offered Plaintiff until March 8 to provide discovery. Attached hereto as Exhibit 5 is a true and correct copy of AMEC's letter of March 6, 2006.

11.   Plaintiff's counsel responded by requesting additional time – until March 10 – to serve AMEC with its discovery responses. Attached hereto as

- 2 -

Exhibit 6 is a true and correct copy of Plaintiff's facsimile of March 6, 2006.

12.    Wishing to avoid involving the Court unnecessarily by filing a motion to compel prematurely, AMEC agreed to this extension.

13.    AMEC has not to date received discovery responses from Plaintiff.

_____
Gabriel D. O'Malley

Sworn to Before Me this 10th day of March, 2006.

Rosemarie Shrensky
My Commission Expires: 11/13/09

# EXHIBIT 2

CERTIFICATE OF SERVICE

I, Daniel M. Surprenant, of the Law Firm of Keches & Mallen, P.C., attorney for the Plaintiff in this action hereby certify that on the _22_ day of _March_, 2005, I forwarded a copy of the foregoing:

1.    Plaintiff's Answers to Siemens Dematic Corp's First Set of Interrogatories
2.    Plaintiff's Answers to AMEC Construction Management, Inc.'s First Set of Interrogatories

by facsimile and first class mail to the following counsel of record:

Gabriel O'Malley, Esq.
Ropes & Gray
1 International Place
Boston, MA 02110

Daniel M. Surprenant
BBO#: 634616
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
Tel. No: (508) 822-2000

# EXHIBIT 3

CERTIFICATE OF SERVICE

I, Daniel M. Surprenant, of the Law Firm of Keches & Mallen, P.C., attorney for the Plaintiff in this action hereby certify that on the ___24___ day of March, 2006, I forwarded a copy of the foregoing:

1. Plaintiff's Responses to Defendant, Siemens Dematic Corp.'s, First Request for Production of Documents; and

2. Plaintiff's Responses to Defendant, AMEC Construction Management, Inc.'s, First Request for Production of Documents

by mailing via Federal Express to the following counsel of record: *and by facsimile.*

Gabriel O'Malley, Esq.
Ropes & Gray
1 International Place
Boston, MA 02110

Daniel M. Surprenant-BBO #634616
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
Tel. No: (508) 822-2000

# EXHIBIT 4

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

JOHN CARR              )
      Plaintiff         )
                       )
v.                     )        CIVIL ACTION NO: 05-10445MLW
                       )
SIEMENS DEMATIC CORP.   )
AND AMEC CONSTRUCTION  )
MANAGEMENT, INC.        )
      Defendants      )

**PLAINTIFF'S OPPOSITION TO AMEC CONSTRUCTION MANAGEMENT INC.'S
MOTION TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY REQUESTS**

Now comes the Plaintiff in the above captioned matter and hereby opposes the Defendant AMEC Construction Management Inc.'s Motion to Compel the Plaintiff to Comply with Discovery Requests and respectfully requests that the Court deny said motion. As grounds therefore, the Plaintiff states that to date, he has served both defendants with all requested discovery. Further responding, the Plaintiff states as follows:

1.    This is a complex tort action involving allegations that the Plaintiff sustained a crush injury and severed finger while working on a luggage conveyer machine at Logan Airport on February 19, 2003.

2.    In compiling Answers to Interrogatories and Responses to Production of Documents to both AMEC Construction Management and Siemens Dematic Corporation, Plaintiff's counsel has met with and had numerous conversations by telephone with the plaintiff.

3.    In the process, Plaintiff and Defense counsel have kept in contact and several short (one to two week) extensions were agreed upon. Defense counsel made clear that March 10, 2006 would be the last extension.

4.    Upon setting Answers to both Defendant's Interrogatories into final form, Plaintiff's counsel had some difficulty reaching and coordinating a meeting with the Plaintiff in order to review and sign the Interrogatories. Upon reaching the Plaintiff and coordinating schedules, Plaintiff's counsel drove to meet Plaintiff in Weymouth and the Answers to Interrogatories were signed late on March 21, 2006. The signed Answers were served via facsimile and U.S. Mail on March 22, 2006.

5.    To date, the Answers to Interrogatories to both Defendants and Responses to Production of Documents to both Defendants have been served to defense counsel by facsimile and by overnight mail. (Please see certificate of service, attached.) Accordingly, Plaintiff is presently in compliance with all discovery requests.

6.    Additionally, discovery in this matter has been slowed as the documents related to the subject jobsite are kept in the possession of Massport. Massport has raised

security concerns relative to the requested documents. As a result, Plaintiff's counsel traveled to Massport on February 27 and 28, 2006 to tab relevant pages in approximately thirty boxes of documents identified as being related to this jobsite. Massport is currently undertaking a security review of the tabbed documents before releasing them to the parties.

7.    To date, Defendant, AMEC Construction Management, Inc. has not answered interrogatories.

WHEREFORE, as Plaintiff is in compliance with all discovery requests, as the parties are not yet in the possession of the Massport documents pertaining to this jobsite, as Defendants discovery remains outstanding at this stage and as the Plaintiff has made reasonable efforts respond to discovery and to keep counsel informed, the Plaintiff respectfully requests that the Court DENY the Defendant's Motion to Compel in its entirety.

Respectfully Submitted,
The Plaintiff, John Carr,
By his Attorneys,


Brian C.  Dever
BBO# 544203
Daniel M. Surprenant,
BBO# 634616
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA   02780

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

JOHN CARR              )
      Plaintiff        )
                     )
v.                    )        CIVIL ACTION NO: 05-10445MLW
                     )
SIEMENS DEMATIC CORP.   )
AND AMEC CONSTRUCTION  )
MANAGEMENT, INC.       )
      Defendants     )

**AFFIDAVIT OF DANIEL M.  SURPRENANT**

Daniel M.  Surprenant, Esq.  Being duly sworn, deposes and says:

1.      This is a complex tort action involving allegations that the Plaintiff sustained a crush injury and severed finger while working on a luggage conveyer machine at Logan Airport on February 19, 2003.

2.      In compiling Answers to Interrogatories and Responses to Production of Documents to both AMEC Construction Management and Siemens Dematic Corporation, Plaintiff's counsel has met with and had numerous conversations by telephone with the plaintiff.

3.      In the process, Plaintiff and Defense counsel have kept in contact and several short (one to two week) extensions were agreed upon.  Defense counsel made clear that March 10, 2006 would be the last extension.

4.      Upon setting Answers to both Defendant's Interrogatories into final form, Plaintiff's counsel had some difficulty reaching and coordinating a meeting with the Plaintiff in order to review and sign the Interrogatories.  Upon reaching the Plaintiff and coordinating schedules, Plaintiff's counsel drove to meet Plaintiff in Weymouth and the Answers to Interrogatories were signed late on March 21, 2006.  The signed Answers were served via facsimile and U.S. Mail on March 22, 2006.

5.      To date, the Answers to Interrogatories to both Defendants and Responses to

Production of Documents to both Defendants have been served to defense counsel by facsimile and by overnight mail. (Please see certificate of service, attached.) Accordingly, Plaintiff is presently in compliance with all discovery requests.

6.    Additionally, discovery in this matter has been slowed as the documents related to the subject jobsite are kept in the possession of Massport. Massport has raised security concerns relative to the requested documents. As a result, Plaintiff's counsel traveled to Massport on February 27 and 28, 2006 to tab relevant pages in approximately thirty boxes of documents identified as being related to this jobsite. Massport is currently undertaking a security review of the tabbed documents before releasing them to the parties.

7.    To date, Defendant, AMEC Construction Management, Inc. has not answered interrogatories.

_____
Daniel M. Surprenant

Sworn to before me on this 24 day of March, 2006.

CERTIFICATE OF SERVICE

I, Daniel M. Surprenant, of the Law Firm of Keches & Mallen, P.C., attorney for the Plaintiff in this action hereby certify that on the _____24_____ day of March, 2006, I forwarded a copy of the foregoing:

1.    Plaintiff's Opposition to AMEC Construction Management, Inc.'s Motion to Compel Plaintiff to Comply with Discovery Requests;

2.    Affidavit of Daniel M. Surprenant

by mailing via Federal Express to the following counsel of record:

Gabriel O'Malley, Esq.
Ropes & Gray
1 International Place
Boston, MA 02110

Daniel M. Surprenant BBO #634616
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
Tel. No: (508) 822-2000

## CERTIFICATE OF SERVICE

I, Daniel M. Surprenant, of the Law Firm of Keches & Mallen, P.C., attorney for the Plaintiff in this action hereby certify that on the ___22___ day of _March_ , 2005, I forwarded a copy of the foregoing:

1.  Plaintiff's Answers to Siemens Dematic Corp's First Set of Interrogatories
2.  Plaintiff's Answers to AMEC Construction Management, Inc.'s First Set of Interrogatories

by facsimile and first class mail to the following counsel of record:

Gabriel O'Malley, Esq.

Ropes & Gray

1 International Place

Boston, MA 02110

Daniel M. Surprenant

BBO#: 634616

KECHES & MALLEN, P.C.

122 Dean Street

Taunton, MA 02780

Tel. No:  (508) 822-2000

CERTIFICATE OF SERVICE

I, Daniel M. Surprenant, of the Law Firm of Keches & Mallen, P.C., attorney for the Plaintiff in this action hereby certify that on the _____24_____ day of March, 2006, I forwarded a copy of the foregoing:

1.    Plaintiff's Responses to Defendant, Siemens Dematic Corp.'s, First Request for Production of Documents; and

2.    Plaintiff's Responses to Defendant, AMEC Construction Management, Inc.'s, First Request for Production of Documents

by mailing via Federal Express to the following counsel of record:
*and by facsimile.*

> Gabriel O'Malley, Esq.
> Ropes & Gray
> 1 International Place
> Boston, MA 02110

> Daniel M. Surprenant-BBO #634616
> KECHES & MALLEN, P.C.
> 122 Dean Street
> Taunton, MA 02780
> Tel. No: (508) 822-2000

# EXHIBIT 5

Track Shipments
## Detailed Results

 Quick Help

| | | | |
|---|---|---|---|
| **Tracking number** | 854442831077 | **Delivered to** | Receptionist/Front Desk |
| **Signed for by** | R.RUSSO | **Service type** | Priority Envelope |
| **Ship date** | Mar 24, 2006 | | |
| **Delivery date** | Mar 27, 2006 10:55 AM | | |
| **Status** | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Mar 27, 2006** | 10:55 AM | **Delivered** | | |
| | 10:25 AM | Delivery exception | SOUTH BOSTON, MA | Customer not available or business closed |
| | 8:10 AM | On FedEx vehicle for delivery | SOUTH BOSTON, MA | |
| **Mar 25, 2006** | 8:13 AM | At local FedEx facility | SOUTH BOSTON, MA | |
| **Mar 24, 2006** | 8:42 PM | At dest sort facility | EAST BOSTON, MA | |
| | 8:34 PM | Left origin | RAYNHAM, MA | |
| | 6:29 PM | At local FedEx facility | EAST BOSTON, MA | |
| | 4:24 PM | Picked up | RAYNHAM, MA | |

| Signature proof | Email results | Track more shipments |
|---|---|---|

Subscribe to tracking updates (optional)

**Your Name:** _____    **Your Email Address:** _____

| Email address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |

**Select format:** ⊙ HTML  ○ Text  ○ Wireless

**Add personal message:**

Not available for Wireless or non-English characters.

☐ **By selecting this check box and the Submit button, I agree to these** Terms and Conditions

**PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE.**

# FedEx Express US Airbill

Sender's Copy

FedEx Tracking Number **8544 4283 1077**

**1 From**
Date **3/24/06**

Sender's FedEx Account Number

Sender's Name **Daniel M. Surprenant**   Phone (**508**) **822-2000**

Company **KECHES & MALLEN LAW OFFICES**

Address **122 DEAN ST**
Dept./Floor/Suite/Room

City **TAUNTON**   State **MA**   ZIP **02780-2714**

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.
OPTIONAL

**3 To**
Recipient's Name **Docket Clerk**   Phone (   )

Company **U.S. District Court**

Recipient's Address **1 Courthouse Way**
We cannot deliver to P.O. boxes or P.O. ZIP codes.   Dept./Floor/Suite/Room

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City **Boston**   State **MA**   ZIP **02210**

**0320772247**

**Try online shipping at fedex.com.**
By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.
**Questions? Go to our Web site at fedex.com**
or call 1.800.GoFedEx 1.800.463.3339.

1101-9297-5

**4a Express Package Service**   To most locations
[✓] FedEx Priority Overnight   Next business morning.
[ ] FedEx Standard Overnight   Next business afternoon.
[ ] FedEx First Overnight   Earliest next business morning delivery to select locations.

[ ] FedEx 2Day   Second business day.
[ ] FedEx Express Saver   Third business day.
FedEx Envelope rate not available. Minimum charge: One-pound rate.

**4b Express Freight Service**   To most locations
[ ] FedEx 1Day Freight   Next business day.
[ ] FedEx 2Day Freight   Second business day.
[ ] FedEx 3Day Freight   Third business day.

**5 Packaging**
[ ] FedEx Envelope*
[✓] FedEx Pak*
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

**6 Special Handling**
Include FedEx address in Section 3.
[ ] SATURDAY Delivery   Available ONLY for FedEx Priority Overnight, FedEx 2Day, and FedEx 1Day Freight.
[ ] HOLD Weekday   at FedEx Location   NOT available for FedEx First Overnight.
[ ] HOLD Saturday   at FedEx Location   Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

Does this shipment contain dangerous goods?
One box must be checked.
[ ] No
[ ] Yes   As per attached Shipper's Declaration
[ ] Yes   Shipper's Declaration not required.
[ ] Dry Ice   Dry Ice, 9, UN 1845
[ ] Cargo Aircraft Only
Dangerous goods (including dry ice) cannot be shipped in FedEx packaging.

**7 Payment**   Bill to:
Enter FedEx Acct. No. or Credit Card No. below.
[ ] Sender   Acct. No. in Section 1 will be billed.
[ ] Recipient
[ ] Third Party
[ ] Credit Card
[ ] Cash/Check

Total Packages   Total Weight   Total Declared Value†
$ .00

†Our liability is limited to $100 unless you declare a higher value. See back for details.

**8 NEW Residential Delivery Signature Options**   If you require a signature, check Direct or Indirect.
[ ] No Signature Required
[ ] Direct Signature   Someone at recipient's address may sign for delivery. Fee applies.
[ ] Indirect Signature   If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only. Fee applies.

Rev. Date 5/04•Part #157874•©1994–2004 FedEx•PRINTED IN U.S.A. •SRS

**519**

FedEx Only

# EXHIBIT 6

APR 1 0 2006

# United States District Court
# District of Massachusetts

JOHN CARR,
      Plaintiff,

    v.                     CIVIL ACTION NO. O5-10445-RBC

SIEMENS DEMATIC CORP, ET AL.,
      Defendants.

## *MEMORANDUM AND ORDER ON AMEC CONSTRUCTION MANAGEMENT, INC.'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY REQUESTS (#21)*

COLLINGS, U.S.M.J.

No opposition having been filed, it is ORDERED that AMEC Construction Management, Inc.'s Motion to Compel Plaintiff to Comply with Discovery Requests (#21) be, and the same hereby is, ALLOWED.

The plaintiff John Carr is ORDERED, pursuant to Rule 37(a)(2),

Fed.R.Civ.P., to serve answers to the interrogatories propounded by AMEC, to serve responses to AMEC'S request for production of documents and to produce copies of all requested documents *on or before the close of business on Friday, April 28, 2006.*

THE PLAINTIFF JOHN CARR HAS WAIVED ANY AND ALL OBJECTIONS HE MIGHT HAVE HAD TO THE INTERROGATORIES AND REQUESTS BY FAILING TO ASSERT SPECIFIC OBJECTIONS TO THE REQUESTS WITHIN THE TIME SET BY THE FEDERAL RULES OF CIVIL PROCEDURE. *See* Local Rule 34.1(C)(1) (D. Mass.)

Failure to comply with the within Order shall result in the imposition of one or more of the sanctions set forth in Rule 37(b), Fed.R.Civ.P.

With respect to the claim for reasonable expenses, including attorney's fees, counsel for AMEC shall file and serve, *on or before the close of business Friday, April 28, 2006*, an affidavit or affidavits documenting the amount that AMEC will claim as the reasonable expenses, including attorney's fees, which AMEC incurred in obtaining the within Order. The plaintiff John Carr is granted leave to file and serve a response/opposition to the amount claimed or any deficiencies in the supporting documentation *on or before the close of*

2

*business Friday, May 12, 2006.*

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

Date: April 5, 2006.