UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-10445-RBC |
| SIEMENS DEMATIC CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AMEC CONSTRUCTION MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING AMEC CONSTRUCTION MANAGEMENT, INC.'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH DISCOVERY REQUESTS**

AMEC Construction Management, Inc. ("AMEC") hereby opposes Plaintiff's request that this Court reconsider its Order of April 5, 2006 compelling Plaintiff to comply with his discovery obligations under the Federal Rules of Civil procedure and granting AMEC's request for an award of fees and costs incurred in obtaining the Court's Order.

As AMEC noted in its Memorandum in Support of its Motion to Compel, and which Plaintiff has not disputed, Plaintiff failed to respond to document requests and interrogatories for over three months. Originally, Plaintiff's responses to the outstanding document requests were due January 3, 2006 and his responses to the interrogatories were due January 18, 2006. AMEC offered Plaintiff a number of extensions of time, and on each occasion Plaintiff failed to meet the agreed-upon deadline. *See* Affidavit of Gabriel O'Malley, dated March 10, 2006, attached

10009968_1.DOC

hereto as Exhibit 1. Because of Plaintiff's continued intransigence, AMEC was forced to petition the Court to compel Plaintiff to comply with his discovery obligations.

In his motion for reconsideration, Plaintiff indicates to the Court that, after the filing of the motion to compel, he responded to the Interrogatories (on March 22) and to the requests for production of documents (on March 24). By that time, however, AMEC already had been forced to seek the Court's assistance in compelling Plaintiff to comply with his discovery obligations under Rules 33 and 34 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(2)(B). That Plaintiff has submitted discovery responses – replete with objections deemed waived under the Court's April 5 Order – does not change the fact that AMEC was forced to expend time and money in enforcing its discovery rights, after months of good-faith allowances to Plaintiff to extend the time within which he was to meet his obligations.

For the forgoing reasons, AMEC respectfully requests that this Court deny Plaintiff's request that this Court reconsider its Order of April 5, 2006. AMEC has attached for the Court's review an affidavit documenting the reasonable expenses incurred in connection with the motion to compel, as required by the Court's April 5 Order. *See* Affidavit of Gabriel O'Malley, dated April 25, 2006, attached hereto as Exhibit 2.

AMEC CONSTRUCTION MANAGEMENT, INC.

By its attorneys,

/s/ Gabriel D. O'Malley
Matthew M. Burke (BBO # 557281)
Gabriel D. O'Malley (BBO # 651432)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Dated: April 26, 2006

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on Daniel Suprenant, Esq.

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN CARR,<br><br>        Plaintiff,<br><br>v.<br><br>SIEMENS DEMATIC CORP., et al.,<br><br>        Defendants. | Civil Action No. 05-10445-RBC |

## AFFIDAVIT OF GABRIEL D. O'MALLEY

Gabriel D. O'Malley, Esq.. being duly sworn, deposes and says:

1. I am an associate with the law firm of Ropes & Gray LLP, attorney for the Defendant AMEC Construction Management, Inc. ("AMEC").

2. I submit this Affidavit from personal knowledge and in support of AMEC's Motion to Compel Plaintiff to fulfill his discovery obligations.

3. Plaintiff initiated this action on February 14, 2005.

4. On December 1, 2005, AMEC served its First Request for Production of Documents to Plaintiff. Attached hereto as Exhibit 1 is a true and correct copy of the First Request for the Production of Documents.

5. On December 1, 2005, AMEC also served its First Set of Interrogatories to Plaintiff. Attached hereto as Exhibit 2 is a true and correct copy of the First Set of Interrogatories to Plaintiff.

6. On January 18, 2006, Matthew M. Burke, counsel for AMEC, offered Plaintiff a two-week extension of time to fulfill his discovery obligations under the Federal Rules of Civil Procedure. Attached hereto as Exhibit 3 is a true and correct copy of Mr. Burke's letter of January 18, 2006.

7. Having received no response from Plaintiff's counsel by February 1, 2006, Mr. Burke sent a letter request to Plaintiff's counsel asking when he could expect discovery. Attached hereto as Exhibit 4 is a true and correct copy of Mr. Burke's letter of February 1, 2006.

8. Thereafter, on three occasions, including February 16 and February 23, Plaintiff promised to produced discovery responses within a week of each conversation.

9. On February, 27, I spoke with Plaintiff's counsel by telephone and Plaintiff's counsel promised to provide discovery by March 6.

10. Plaintiff did not abide by his agreement with counsel, and, on March 6, in a letter to counsel, AMEC offered Plaintiff until March 8 to provide discovery. Attached hereto as Exhibit 5 is a true and correct copy of AMEC's letter of March 6, 2006.

11. Plaintiff's counsel responded by requesting additional time – until March 10 – to serve AMEC with its discovery responses. Attached hereto as

        Exhibit 6 is a true and correct copy of Plaintiff's facsimile of March 6, 2006.

12.    Wishing to avoid involving the Court unnecessarily by filing a motion to compel prematurely, AMEC agreed to this extension.

13.    AMEC has not to date received discovery responses from Plaintiff.

*/s/ Gabriel D. O'Malley*
Gabriel D. O'Malley

Sworn to Before Me this 10th day of March, 2006.

*Rosemarie Shrunshey*
My Commission Expires: 11/13/09

# **EXHIBIT 2**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CARR,<br><br>        Plaintiff,<br><br>v.<br><br>SIEMENS DEMATIC CORP., et al.,<br><br>        Defendants. | Civil Action No. 05-10445-RBC |

## **AFFIDAVIT OF GABRIEL D. O'MALLEY**

1.    My name is Gabriel O'Malley. I am an associate at the law firm of Ropes & Gray LLP, counsel to Siemans Dematic Corp. and AMEC Construction Management, Inc. ("AMEC") in this matter. My business address is One International Place, Boston, Massachusetts 02110. I respectfully submit this Affidavit in support of AMEC's fee application pursuant to this Court's Memorandum and Order, dated April 5, 2005, directing AMEC "to file and serve, on or before the close of business Friday, April 28, 2006, an affidavit or affidavits documenting the amount that AMEC will claim as the reasonable expense, including attorneys fees, which AMEC incurred in obtaining the within Order."

2.    I have been an associate in the litigation department of Ropes & Gray since December 2002. I did my undergraduate work at Haverford College, receiving a Bachelor of Arts in 1995. I received the *Juris Doctor* degree from Columbia University School of Law in 2001.

3.    Based on my experience in litigating business cases, I am generally familiar with the time, effort, and costs ordinarily associated with the prosecution and defense of such actions. Ropes & Gray believes that the rates it sets for attorneys at each level of experience are consistent with prevailing rates among firms with which Ropes & Gray competes.

4.    The fees generated in connection with this motion are based on the time spent on it at the customary rates that Ropes & Gray charges its clients, and the costs incurred are typical

litigation costs. During the period when AMEC filed its Motion to Compel Plaintiff to Comply with Discovery Requests, my hourly rate was $435.00.

5. I spent a total of two and a half hours preparing the Motion to Compel. In addition to this time, I spent a number of hours pursuing Plaintiff's counsel for the discovery responses between January and March. The attorney's fees incurred in connection with Ropes & Gray's professional services on this motion totaled $1,087.50. The photocopying and other costs incurred in connection with the motion were negligible, and as a result, AMEC is not seeking any recovery of costs.

6. Based on the foregoing, I believe that this request for fees in connection with the Motion to Compel is fair and reasonable, reflects an appropriate hourly rate and expenditure of time, and is consistent with the fee comparable firms and lawyers in the community would charge for similar services and results.

_____
Gabriel D. O'Malley

Sworn to Before Me this 26th day of April, 2006