**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JOHN CARR**  ) | **CIVIL ACTION NO: 05-10445-MLW** |
|     **Plaintiff**  ) | |
| v.  ) | |
| ) | |
| **SIEMENS DEMATIC CORP.**  ) | |
| **AND AMEC CONSTRUCTION**  ) | |
| **MANAGEMENT, INC.**  ) | |
|     **Defendants**  ) | |

## PLAINTIFF'S TO MOTION TO EXTEND DEADLINE FOR FACT DEPOSITIONS

Now comes the Plaintiff in the above captioned matter and respectfully moves this Honorable Court to extend the deadline for fact depositions only in this matter for a period of sixty (6) to ninety (90) days.  As grounds therefore, the Plaintiff states as follows:

1. On February 19, 2003, the Plaintiff sustained a crush injury and severed finger while working on the baggage conveyor system at Logan Airport Terminal E.  The Plaintiff filed the instant Complaint in Suffolk County Superior Court on or about February 14, 2005 against the Defendant, Siemens Dematic Corp. ("Siemens") and AMEC Construction Management, Inc. ("AMEC").  On or about March 9, 2005, Siemens filed a Notice of Removal pursuant to 28 U.S.C. § 1441 to the United States District Court.

2. On September 6, 2005, the parties submitted a Joint Statement which document specified that depositions of fact witnesses in this matter be completed no later than August 25, 2006.

3. Subsequently, however, the Plaintiff's pursuit of completing the necessary written discovery obligations in this case became significantly delayed due to occurrences beyond his control.  The accident locus in this matter was Logan Airport in Boston, Massachusetts.  Accordingly, the Plaintiff subpoena'd records from the owner of that property, the Massachusetts Port Authority ("Massport").  In response, Massport told the Plaintiff that it had approximately thirty (30) boxes of documents that may be responsive to the subpoena.  Because of obvious security concerns following 9/11, Massport asked that the Plaintiff's counsel go to Massport to sort through the documents, flag those which were relevant, and Massport would then produce them following a security screening process.

4. Massport granted Plaintiff's counsel access to these documents in February of 2006.  Plaintiff's counsel followed Massport's instructions and flagged the documents deemed relevant to the instant litigation.  Thereafter, however, despite numerous requests from Plaintiff's counsel, there was a significant delay before Massport actually produced the documents.  Consequently, Plaintiff's counsel was forced to file a motion with this Honorable Court to extend the discovery deadlines, which was assented to by defense counsel, and which was granted on July 16, 2006.  A new deadline of December 21, 2006 was provided for fact discovery.

5. Massport did not produce the documents until late August, 2006.  At approximately the same time, defense counsel notified Plaintiff's counsel that Siemens had four (4) boxes of documents that may or may not be responsive to

      the Plaintiff's discovery requests. This notification came as the parties were in the course of finalizing written discovery and noticing the necessary depositions. Defense counsel produced the documents for viewing at his office in October of 2006 and forwarded copies of said documents to the Plaintiff on October 26, 2006.

6. Therefore, as of the beginning of November of 2006, the Plaintiff was finally able to obtain and sort through the documents it needed to make reasonable decisions as to whom to depose.

7. With respect to depositions, the first two fact witnesses, Robert Garrity and Eric Cameron had been deposed on September 8, 2006, prior to Siemens' producing the additional documents. Mr. Cameron's deposition was continued and defense counsel has represented that he is in good faith attempting to schedule the continuation of that deposition. The 30(b)(6) deposition of Siemens was taken on November 7, 2006 in Danbury, Connecticut. Also, the Plaintiff's direct supervisor at the time of the accident, Frank Ryan, was deposed on November 21, 2006.

8. There are currently four depositions remaining, in addition to the continued deposition of Mr. Cameron: one (1) of behalf of the Defendants and three (3) on behalf of the Plaintiff. All four depositions have been noticed to take place in accordance with the December 21, 2006 deadline. That being said, one of the deponents currently resides in Texas and another currently resides in Illinois. Therefore, the Plaintiff states that he reasonably expects that scheduling difficulties will necessitate an additional period of time so as to properly conduct these depositions.

9. The Plaintiff states that all depositions of fact witnesses remaining to be done have been noticed and that all that is asked of this Court is to provide an additional period-certain so that the depositions can be conducted in a fashion that causes the least strain on the deponents, as well as one that is agreeable between and among the parties.

10. The Plaintiff further states that this delay was not due to any fault of his own, but rather the depositions of the fact witnesses in this case were delayed significantly due to the voluminous document production that occurred on the eve of the Court's deadline.

WHEREFORE, in light of the delays the Plaintiff encountered in obtaining the documents that identified the necessary deponents in this case, the Plaintiff respectfully requests that, in the interest of justice and in the interest of the parties achieving a fair settlement, this Honorable Court extend the deadline for fact depositions only for a period of sixty (6) to ninety (90) days.

                Respectfully Submitted,
                The Plaintiff,
                By His Attorney,

                /s/ Brian C. Dever
                Brian C. Dever-BBO #544203
                KECHES & MALLEN, P.C.
                122 Dean Street
                Taunton, MA 02780
                Tel. No: (508) 822-2000