UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN CARR,<br><br>        Plaintiff,<br><br>     v.<br><br>SIEMENS DEMATIC CORP., et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-10445-RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR FACT DEPOSITIONS

Defendants Siemens Dematic Corp. ("Siemens") and AMEC Construction Management, Inc. ("AMEC") hereby oppose Plaintiff's request that this Court extend the deadline for fact depositions for a period of sixty to ninety days.

In his motion, Plaintiff claims an extension is necessary because he was not able to review documents and identify potential deponents until November 2006. Motion at ¶ 6. The three depositions for which Plaintiff seeks an extension are: (1) Mr. Brad Harbour, a nonparty to this suit who works and resides in Illinois; (2) Mr. Gary Clinkscales, a Siemens employee who works and resides in Texas; and (3) a 30(b)(6) designee for AMEC. For the reasons set forth below, Plaintiff's argument is without merit and, with the exception of the completion of one deposition discussed below, fact discovery should close as scheduled on December 21.

Current Discovery Schedule

Plaintiff filed this action on February 14, 2005 and it was removed to this Court on March 9, 2005. On September 12, 2005, this Court held an initial scheduling conference and set August 25, 2006 as the date for completion of fact discovery. See, Scheduling Order dated September 12, 2005. On July 13, 2006, Plaintiff moved to extend the discovery schedule. See, Plaintiff's Motion to Extend Discovery Deadlines Without Opposition. The Court granted this motion and, at a status conference on September 12, 2006, set December 21, 2006 as the date for completion of fact discovery.

Plaintiff's Document Review

The two categories of documents referenced by Plaintiff as the cause for the delay in his depositions are the third-party document production by Massport and a supplemental production by Siemens. Motion at ¶ 6. Plaintiff's counsel received the Massport documents in August 2006. Motion at ¶ 5. Plaintiff's counsel was notified orally of the Siemens supplemental production in August 2006, and again in writing on September 1, 2006. See, Ex. 1. Counsel chose not to review these documents until October 19th. Copies of the requested documents were delivered to Plaintiff on October 26th. See, Ex. 2. All of these documents were available to Plaintiff four months before the close of discovery, more than sufficient time to review them and take any necessary depositions.

Harbour Deposition Notice

On December 13, 2006, Plaintiff sent to Defendants' counsel a Notice of Deposition for Brad Harbour. See, Ex. 3. By Plaintiff's own admission, the AMEC documents in Massport's possession were reviewed first in February and received in August. Motion at ¶¶ 4-5. These documents make clear reference to Mr. Harbour. See, Ex 4. Thus, Plaintiff had notice of Mr.

Harbour and his role on the project nine months ago. Moreover, on September 12, 2006, AMEC

updated its Rule 26(A)(1) Automatic Disclosures, identifying Mr. Harbour (including telephone

number and current employer) as an individual likely to have discoverable information. See, Ex

5. Notwithstanding having all of this information for a number of months, there is no evidence

that, to date, Plaintiff has subpoenaed Mr. Harbour, a non-party residing in Illinois.

<u>Clinkscales Deposition Notice</u>

        Plaintiff also served a Notice of Deposition for Mr. Clinkscales on December 13, 2006.

See, Ex. 6. Mr. Clinkscales is a Siemens employee who works and resides in Texas. Plaintiff

has been aware for months that Mr. Clinkscales worked for Siemens at the time Plaintiff injured

himself. As with Mr. Harbour, the AMEC documents that Plaintiff reviewed in February and

received in August contain reference to Mr. Clinkscales. See, Ex. 7. Furthermore, on November

7, 2006, deponent Richard Reinecke, a former Siemens employee, testified that Mr. Clinkscales

was working for Siemens at the time Plaintiff injured himself. See, Ex. 8. Despite knowledge of

Mr. Clinkscales dating back to February 2006, Plaintiff made no attempt to depose him until

eight days prior to the end of fact discovery.[1]

<u>AMEC 30(b)(6) Notice</u>

        On December 13, 2006, Plaintiff also served a Re-Notice of Deposition to AMEC

pursuant to F.R.C.P 30(b)(6). See, Ex. 9. AMEC has indicated to Plaintiff on numerous

occasions – including by letter dated April 24, 2006 (See, Exs. 10 and 11) – that AMEC sold its

relevant operations after the project at issue in this litigation was completed and has ceased

---

[1] Plaintiff's notice of deposition is not only untimely but also defective. Plaintiff noticed the deposition for Taunton, Massachusetts on December 20th. The timing of such a request is unreasonable. Furthermore, given Mr. Clinkscales place of residence in Texas, such a deposition would have to take place in Texas, not Massachusetts. See, Fortune Mgmt., Inc. v. Bly, 118 F.R.D. 21, 22 (D. Mass 1987) ("None of the parties to the instant dispute deny that, in general, the defendant in an action should be examined at his or her residence or place of business or employment.").

operations.  AMEC no longer employs personnel with any involvement in the project.  As a

result, AMEC is not able to produce a corporate designee with knowledge of the topics set forth

in Plaintiff's Notice of Deposition, and Plaintiff's request for an extension of time in order to

depose an AMEC corporate designee should be denied.

Additional Issues

Plaintiff's Motion to Extend the Deadline of Fact Depositions raises two additional

issues.  First, Plaintiff references a fourth deposition in his Motion.  Prior to Plaintiff's filing of

the Motion to Extend, the parties agreed that the Plaintiff will be deposed on December 21st,

within the Court-mandated deadline, and thus no extension of the discovery deadline is necessary

for this deposition to be completed.  Second, on September 8, 2006, the parties started the

deposition of Mr. Eric Cameron.  The deposition was not completed and, soon thereafter, Mr.

Cameron left Massachusetts to work in Georgia on a temporary project from which he is

scheduled to return later this month.  To the extent Plaintiff wishes to extend the deadline for fact

depositions for a limited time for the specific purpose of completing Mr. Cameron's deposition,

Defendants do not object to such a request.

CONCLUSION

Having failed to notice and take the depositions sought in a timely fashion, Plaintiff now

seeks a last-minute extension without offering any justified reason for his delay.  For the reasons

set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion and

instead grant a limited extension of time in order for the parties to complete the deposition of Mr.

Cameron as soon as is practically possible.

Respectfully Submitted,


Defendants
SIEMENS DEMATIC CORP.
         and
AMEC CONSTRUCTION
MANAGEMENT, INC.

By their attorneys,


/s/  Gabriel D. O'Malley
Matthew M. Burke (BBO # 557281)
Gabriel D. O'Malley (BBO # 651432)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000


Dated: December 15, 2006

**<u>EXHIBIT 1</u>**



ROPES & GRAY LLP

ONE INTERNATIONAL PLACE     BOSTON, MA 02110-2624     617-951-7000     F 617-951-7050

BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

September 1, 2006

Gabriel D. O'Malley
(617) 951-7656
gabriel.o'malley@ropesgray.com

**BY FACSIMILE AND BY MAIL**

Daniel M. Surprenant, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA  02780

Re:     Carr v. Siemens Dematic Corp., et al
        USDC C.A. No. 05-10445MLW

Dear Dan:

I am writing in response to your letter dated August 22, 2006.  In that letter, you claim that your client, Mr. Carr, is in compliance with his discovery obligations.  This is not true.  Apart from failing to produce copies of his tax returns and other documents concerning wages, salary, tips, bonuses, fees, payments, and/or all forms of earned and unearned income received between 2000 and the present, which we have requested copies of on numerous occasions, Mr. Carr has still not produced any documents in response to the following specific requests propounded nine months ago.

- All documents relating to any employment of Plaintiff from 2001 to the present, including but not limited to his employment with Shaughnessy.

- All documents relating to any efforts made by Plaintiff to secure any full or part-time employment or to enter into any business or independent contractor relationship between February 19, 2003 and the present, including, but not limited to, all correspondence and communications with potential or actual employers or businesses and all versions of his resume.

- All calendars, diaries, journals, or notebooks maintained by the Plaintiff between 2002 and the present date that refer or relate to any aspect of the incident, consequences, conditions, injuries, or damages that are subject of this action.

Until Mr. Carr has provided us with documents responsive to the requests set forth above, as well as all other discovery requests by Defendants to which he has not yet fully responded, he is not in compliance with his discovery obligations under the Federal Rules of Civil Procedure.

9878308_21

Daniel M. Suprenant, Esq.                - 2 -                September 1, 2006

At this time, we are in discussions with your office about scheduling a date for Mr. Carr's deposition. As I have indicated in the past, we will not depose Mr. Carr without the benefit of his full compliance with his discovery obligations. As such, your continued delay in providing us with Mr. Carr's discovery responses threatens to further delay the discovery schedule. Please provide responses to the requests above as soon as possible.

In your August 22 letter, you also asked that we provide you with the last known addresses of Jeffrey McLaughlin and John Daly. Mr. McLaughlin is no longer employed by Siemans, and I do not have a current address for him. As I have indicated to you over the phone, Mr. Daly was never on site at Massport during the relevant time period and has no knowledge of Mr. Carr's accident. In fact, he began his employment with Siemans as a Senior Contract Administrator on February 24, 2003, *after* the date of Mr. Carr's accident. His business address is:

> Siemans Energy & Automation, Inc.
> 2700 Esters Blvd. Suite 200B
> DFW Airport, TX, 75261

Obviously, as a current Siemans employee, any communication regarding Mr. Daly should be directed to this office.

Lastly, I want to note for you again that Sieman's has located documents relating to Massport, some of which are responsive to your request for documents. These documents will be made available for your review at the offices of Ropes & Gray.

Sincerely,

Gabriel O'Malley

**EXHIBIT 2**

LUI-585



**ROPES & GRAY LLP**

ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

October 26, 2006

Gabriel D. O'Malley
(617) 951-7656
gabriel.o'malley@ropesgray.com

**BY FEDERAL EXPRESS**

Brian C. Dever, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA  02780

Re:    Carr v. Siemens Dematic Corp., et al
       <u>USDC C.A. No. 05-10445MLW</u>

Dear Brian:

Please find enclosed copies of the documents you tabbed on your visit to our office.  These documents are bates labeled CARR0001 – CARR004657.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Gabriel O'Malley

9878308_25

**EXHIBIT 3**

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN CARR | ) | CIVIL ACTION NO: 05-10445-MLW |
|      Plaintiff | ) | |
| v. | ) | |
| | ) | |
| SIEMENS DEMATIC CORP. | ) | |
| AND AMEC CONSTRUCTION | ) | |
| MANAGEMENT, INC. | ) | |
|      Defendants | ) | |

## NOTICE OF TAKING DEPOSITION

To:    R. Gabriel O'Malley, Esq.
       Ropes & Gray
       One International Place
       Boston, MA 02110

      Please take notice that on **Wednesday, December 20, 2006 at 2:00 p.m.**, at the office of Brian C. Dever, Esq., Keches & Mallen, P.C., 122 Dean Street, Taunton, MA, the Plaintiff in this action, by his attorneys, will take the deposition upon oral examination of **Bradley Harbour, former employee of the Defendant, AMEC Construction Management, Inc.**, pursuant to applicable provisions of the Federal Rules of Civil Procedure, before Kathleen Deterra, a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.  The oral examination will continue from day to day until completed.

      You are invited to attend and cross-examine.

                    Respectfully Submitted,
                    The Plaintiff,
                    By His Attorney,

                    Brian C. Dever, Esq.-BBO #544203
                    KECHES & MALLEN, P.C.
                    122 Dean Street
                    Taunton, MA  02780
                    (508) 822-2000

**EXHIBIT 4**

# SHAUGHNESSY

## MILLWRIGHTS

346 D Street - P.O. Box 357
South Boston, MA 02127

Tel. (617) 269-6600 • 1-800-220-2884

**LETTER OF TRANSMITTAL**

DATE: 10-28-02     JOB NO. _Local Dispard_

ATTENTION: _Brad Harbor_

RE:

TO: _Brad Harbor AMEC Safety_

FROM: _Joey Michel - Safety Nights_

WE ARE SENDING YOUR  ☑ Attached   ☐ Under separate cover via _____ the following items:

☐ Shop drawings   ☐ Prints   ☐ Plans   ☐ Samples   ☐ Specifications
☐ Copy of letter   ☐ Change order   ☑ _Safety Meetings_

| COPIES | DATE | NO. | DESCRIPTION |
|--------|------|-----|-------------|
| 4 | 10-24-02 | | Safety Meeting Copies Days B-6, B-3/4 |
| 4 | 10-25-02 | | Safety Meeting Copies Days B-2.2, C-2 |
| 8 | 10-24-02 | | Safety Meeting Copies Nights B-2.2, B-3/4, B-7, C-2 |
| | | | |
| | | | |
| | | | |
| | | | |

THESE ARE TRANSMITTED as checked below:

☐ For approval   ☐ Approved as submitted   ☐ Resubmit _____ copies for approval
☐ For your use   ☐ Approved as noted   ☐ Submit _____ copies for distribution
☑ As requested   ☐ Returned for corrections   ☐ Return _____ corrected prints
☐ For review and comment   ☐ _____
☐ FOR BIDS DUE _____ 20 ___ ☐ PRINTS RETURNED AFTER LOAN TO US

REMARKS _____
_____
_____
_____
_____
_____
_____
_____
_____

COPY TO _____

SIGNED: _Joey Michel Night Safety_

If enclosures are not as noted, kindly notify us at once.

**EXHIBIT 5**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CARR,<br><br>          Plaintiff,<br><br>     v.<br><br>SIEMENS DEMATIC CORP., et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-10445-RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT AMEC CONSTRUCTION MANAGEMENT, INC.'S**
**UPDATED RULE 26(A)(1) AUTOMATIC DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Scheduling

Order dated September 12, 2005 in the above-referenced action, Defendant AMEC Construction

Management, Inc. ("AMEC"), by its undersigned attorneys, makes the following updated initial

disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Joint Rule

26(f) Report filed by the parties with the Court on September 2, 2005. The following

information reflects the current knowledge of AMEC and its attorneys at this stage of the

litigation. AMEC reserves the right to amend or supplement these disclosures as appropriate, but

does not undertake to do so except as required by Rule 26(e) of the Federal Rules of Civil

Procedure.

       A.     The name and, if known, the address and telephone number of each individual
likely to have discoverable information that the disclosing party may use to support its claims or
defenses, unless solely for impeachment, identifying the subjects of the information:

AMEC hereby discloses the following names of individuals likely to have discoverable information that may be used by AMEC to support its defenses and, if applicable, claims in the above-captioned matter:

1. Bradley Harbour, ACE Insurance Company of Illinois, 815-931-8990.
2. Francis Ryan, Shaughnessy Millwrights, 341 D. St., South Boston.
3. Robert Garrity, Shaughnessy Millwrights, 341 D. St., South Boston.
4. Eric Cameron, Shaughnessy Millwrights, 341 D. St., South Boston.


AMEC CONSTRUCTION
MANAGEMENT INC.

By its attorneys,


Matthew M. Burke (BBO # 557281)
Gabriel D. O'Malley (BBO# 651432)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Dated: September 12, 2006

**EXHIBIT 6**

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JOHN CARR** | ) | **CIVIL ACTION NO: 05-10445-MLW** |
|     **Plaintiff** | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS DEMATIC CORP.** | ) | |
| **AND AMEC CONSTRUCTION** | ) | |
| **MANAGEMENT, INC.** | ) | |
|     **Defendants** | ) | |

To:    R. Gabriel O'Malley, Esq.
        Ropes & Gray
        One International Place
        Boston, MA 02110

        Please take notice that on **Wednesday, December 20, 2006 at 9:00 a.m.** at the office of Keches and Mallen, P.C., 122 Dean Street, Taunton, Massachusetts, Brian C. Dever, Esquire, attorney for the Plaintiff, will take the deposition upon oral examination of **Gary Clinkscales, employee of the defendant, Siemens Dematic Corp., Inc.,** pursuant to applicable provisions of the Federal Rules of Civil Procedure, before Kathleen Deterra, a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

        You are invited to attend and cross-examine.

                    Respectfully Submitted,
                    The Plaintiff,
                    By His Attorney,

                    Brian C. Dever-BBO #544203
                    KECHES & MALLEN, P.C.
                    122 Dean Street
                    Taunton, MA 02780
                    Tel. No: (508) 822-2000

**EXHIBIT 7**

# *Shaughnessy* Millwright Services

## Weekly Safety Meeting Attendance Sheet

Date : 2-20-0

Instructor: Bill Ca

| Name | Craft | Name | Craft |
|------|-------|------|-------|
| Kevin Studley | Site Coordinator | | |
| Rick Reineck | Mech Sup | | |
| Gary Mason | Siemens Sup | | |
| Gary Clinkscales | Siemens Sup. | | |
| Jerry Della Penna | MGF | | |
| Mar___ | MWF | | |
| Craig Berner | MW | | |
| David Sturgis | MW | | |
| Tommy Canfield | | | |
| Mona Todd | MW | | |
| John Torce | MW | | |
| Peter Zoikowski | MW | | |
| ___ | | | |
| David Charbonean | | | |

## Topic and Other Items Covered

LOTO  REVIEW  —  9  STEPS

Zero Tolerence

Sign  off  sheets

Foreman  Responsibility

① Climbing over Conveyer — need solution

② Waistong Disconnect Hidden ? si

③ Where is medical KITS

**EXHIBIT 8**

21      Q   At the time you worked for Siemen's on

22  the Terminal E project, who were the players for

23  Siemen's on site?  Who were the employees for

24  Siemen's?

25      A   On site was, of course, myself, Gary

Richard Reinecke                                    11/07/2006

Page 87

1    Clinkscales, C-l-i-n-k-s-c-a-l-e-s.

2         Q    Anyone else?

3         A    Siemen's?

4         Q    Yes, sir.

5         A    Not on site, no.  There was two of us.

6         Q    Okay.  The fellow who brought you in to

7    Lonestar was Pat Marino?

8         A    Yes.

9         Q    Did Pat Marino go over to Siemen's?

10        A    No.  Left the company.

11        Q    By the way, why did you leave Siemen's

12   in September '03?

13        A    All the -- I think it was a whole

14   other -- after -- how do I put this?  --

15             There was two contracts at Siemen's, at

16   Terminal E for Siemen's.  My contract was called

17   the original contract.  That's what we just

18   called it, the base contract.

19             If I could give you a quick scenario

20   what it is, I had a base contract, the original

21   system as designed.  And after 911, there was

22   another contract awarded to Siemen's for the

23   remodification for all the securities, using

24   bagging screening and whatnot, which was

25   independent of my base contract, and totally

**EXHIBIT 9**

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

JOHN CARR                           )        CIVIL ACTION NO: 05-10445-MLW
        Plaintiff                  )
                                   )
v.                                  )
                                   )
SIEMENS DEMATIC CORP.               )
AND AMEC CONSTRUCTION               )
MANAGEMENT, INC.                    )
        Defendants                 )

<u>**RE-NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF THE**</u>
<u>**DEFENDANT, AMEC CONSTRUCTION MANAGEMENT, INC.**</u>

TO:    R. Gabriel O'Malley, Esq.
       Ropes & Gray LLP
       One International Place
       Boston, MA  02110

Notice is hereby given that on **Thursday, December 21, 2006 at 10:00 a.m.,** at the office of Keches & Mallen, P.C., 122 Dean Street, Taunton, Massachusetts, Brian C. Dever, Esquire, attorney for the Plaintiff, will take the deposition upon oral examination of the Defendant, **AMEC Construction Management, Inc.,** by the person/persons most knowledgeable of the following matters pursuant to Fed. R. Civ. P. 30(b)(6):

1.    The facts and circumstances surrounding the Plaintiff's accident of February 19, 2003;

2.    Any and all contracts between the Defendant and any other entity related to the work being performed by the Defendant and/or any of its contractors and/or subcontractors in connection with the baggage handling system within Terminal E of Logan Airport;

3.    The particular role, designation, title, and/or position of the Defendant, AMEC, in regards to the baggage handling system construction project within Logan Airport Terminal E, and the baggage handling system construction project generally on or about the time of the Plaintiff's accident as referenced in the Plaintiff's Complaint.

4.    Withe regard to the Defendant's, AMEC's, particular role, designation, title, and/or position on said baggage handling system construction project, the specific date(s) on which AMEC undertook said role, designation, title, and/or position, and the entity or entities that preceded AMEC in said role, designation, title, and/or position.

5.    The particular role, designation, title, and/or position of the Modern Continental Construction, in regards to the baggage handling system construction project within Logan Airport Terminal E, and the baggage handling system construction project generally on or about the time of the Plaintiff's accident as referenced in the Plaintiff's Complaint.

6.    The date on which work was commenced by the Defendant and/or any of its contractors and/or subcontractors at the Logan Airport Terminal E Baggage Handling System Project in Boston, Massachusetts;

7.    The scope of work being performed by the Defendant and/or any of its contractors and/or subcontractors related to the baggage handling system within Terminal E of Logan Airport;

8.    Any and all policies and/or procedures employed by the Defendant with respect to the issuance of any warning regarding hazardous conditions on the jobsite;

9.    Any and all policies and procedures employed by the Defendant with respect to supervisory responsibilities of the installation of the baggage handling system within Terminal E of Logan Airport;

10.    The identity of any and all employees and/or agents of the Defendant with supervisory responsibilities for the installation of the baggage handling system within Terminal E of Logan Airport, including, but not limited to, those responsible for the installation and implementation of any computer logic related to said project;

11.    The existence and substance of any and all problems, citations, issues, notifications regarding lockout/tagout procedures including, and at any point prior to or subsequent to the accident referenced in the Plaintiff's Complaint in connection with said baggage handling system construction project at Logan Airport.

12.    The existence and substance of any and all injuries of any type or kind of AMEC employees, or the employees/agents of any other contractor or subcontractor working in or around the baggage handling system construction project at any point prior to or subsequent to the accident referenced in the Plaintiff's Complaint in connection.

13.    Any reports filed by or on behalf of AMEC Construction Management, Inc. and the information contained therein, which have John Carr's accident of February 19, 2003 as their subject matter;

14.    The preparation and/or generation of any and all investigative reports by any person or entity which has John Carr's accident of February 19, 2003as the subject matter;

15.    The taking of any statement, written or oral, from any witnesses to John Carr's accident;

16.    The overall schedule and/or progression of the work related to the installation of the baggage handling system within Terminal E of Logan Airport from approximately 2000 through 2004;

17.    The names of any and all employees of AMEC Construction Management, Inc. including, but not limited to, the name of the employees with responsibilities for supervising any work being done on the subject conveyer belt or computer logic program on or about the

date of the Plaintiff's accident;

18.    Any and all guidelines, instructions, warnings, or policies issued to or from the Defendant relative to job safety on the on said project at Logan Airport Terminal E;

19.    Any and all incidents, injuries, or accidents involving in any way the installation and/or implementation of the baggage handling system in Terminal E or any other Terminal from approximately 2000 to the present;

20.    The identity of any and all employees, agents, entities, contractors, and/or subcontractors of the Defendant's responsible at or about the time of John Carr's accident for inspecting Terminal E in connection with any and all safety concerns;

21.    The identities of any and all independent contractors responsible for supervising the installation of the baggage handling system on said Logan Airport Terminal E project;

22.    The identity of any and all persons, servants, agents, or employees of the Defendant  who interfaced in any way with the Plaintiff on the subject job site or about the subject job site at any point prior to or subsequent to February 19, 2003;

23.    The issuance of any citations, warnings, or instructions to the defendant or any subcontractor  relative to the supervision of the installation of the baggage handling system at said Logan Airport Terminal E project;

24.    Any and all complaints made to the Defendant involving lock out/tag out procedures and/or implementation and/or requests for locks in connection with said Logan Airport Terminal E project;

25.    The scheduling of any of all work done by or on behalf of the Defendant at said project;

26.    The substance of any and all discussions held regarding the supervision of the installation of the baggage handling system during safety meetings, including, but not limited to, any discussions regarding the lock out/tag out procedures, locks and/or the effect of work being conducted on the computer logic of the luggage conveyors;

27.    The way, manner, or fashion in which the computer logic of the baggage handling system controls, relates to, effects or otherwise communicates with the luggage conveyors in Terminal E of Logan Airport;

28.    The scope of any and work of any type or kind being performed on the computer logic of the baggage handling system in Terminal E in the ten days prior to the Plaintiff's accident and the ten days following the Plaintiff's accident;

29.    What effect the work being done on the computer logic system in place in Terminal E immediately prior to the Plaintiff's accident could have had on the operation, utilization, and/or function of the TC-2 and TC-3 lines within Terminal E;

30.    Any communication of any concerns regarding any work which was being done on computer logic in the ten days prior to the Plaintiff's accident, including, but not limited to any concerns related to safety.

This deposition will be taken pursuant to the Federal Rules of Civil Procedure before DeTerra Court Reporting, a Notary Public for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

The attention of AMEC Construction Management, Inc. is directed to Federal Rules of Civil Procedure 30(b)(6) requiring a corporation to designate one or more officers, directors, managing agents, or other persons to testify on its behalf on the above-specified matters. AMEC Construction Management, Inc., through its designated persons, pursuant to Federal Rule of Civil Procedure 30(b)(6) is requested to bring to the deposition all documents listed on the attached Schedule "A."

You are invited to attend and cross-examine.

Respectfully Submitted,
The Plaintiff
By His Attorney,
KECHES & MALLEN, P.C.

_____

Brian C. Dever-BBO #544203
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA  02780
(508) 822-2000

## SCHEDULE "A"

1.  Any and all contracts, other documents, or memoranda relative to any work performed at the Logan Airport Terminal E baggage handling system project construction project job site, including by not limited to:

    a)  The contract between the Defendant and the Plaintiff's employer;
    b)  The contract between the Defendant and Siemens Dematic Corp.;
    c)  The contract between the Defendant Modern Continental Construction;
    d)  The contract between the Defendant and Massport;
    e)  The contract between the Defendant the Construction Manager on this job site; and
    f)  The contract between the Defendant and any other entity on this job site.

2.  Copies of any and all written statements, signed or unsigned, and/or copies of any and all verbatim written transcriptions of any and all statements of the Defendant taken on a recording device, which are in the possession, custody or control of the Defendant or the Defendant's attorney(s).

3.  Copies of any and all written statements, signed or unsigned, and/or copies of any and all verbatim written transcriptions of any and all statements of any and all witnesses to the accident taken on a recording device, which are in the possession, custody or control of the Defendant or the Defendant's attorney(s).

4.  Copies of any and all written statements, signed or unsigned, and/or copies of any and all verbatim written transcriptions of any and all statements of the Plaintiff taken on a recording device, which are in the possession, custody or control of the Defendant or the Defendant's attorney(s).

5.  Any and all photographs which depict the location of the accident which forms the basis of this action and any and all photographs of the water accumulation on the floor from the beginning of the project to the present.

6.  Copies of any and all charts, maps, diagrams, blueprints, or drawings which depict the area where the Plaintiff alleges he was injured.

7.  All letters and statements of any kind whatsoever in the possession, custody or control of the Defendant, its agents, servants and/or employees which notified said Defendant of the accident alleged in the Plaintiff's Complaint.

8.  All reports of injury filed with or by the Defendant which have John Carr's industrial accident of February 19, 2003 as their subject matter.

9.  The minutes of all safety meetings conducted at the job site for two years before the Plaintiff's accident to the present.

10. Any and all correspondence between the Defendant and O.S.H.A. which has John Carr's industrial accident as its subject matter.

11. All correspondence between the Defendant and O.S.H.A. which has job safety as its subject matter.

12. All correspondence between the Defendant and any person or entity which has John Carr's industrial accident as its subject matter.

13.    All accident reports generated by any person or entity which have John Carr's industrial accident as their subject matter.

14.    All investigative reports generated by any person or entity which have John Carr's industrial accident as their subject matter.

15.    All correspondence between the Defendant and any federal, state, municipal, or administrative agency which has John Carr's industrial accident as its subject matter.

16.    All directives, memoranda, postings, and other documents which have the supervision of installation of conveyer machines on the Logan Airport Terminal E project as their subject matter.

17.    All directives, memoranda, postings, and other documents which have the supervision of work on the Logan Airport Terminal E project as their subject matter.

18.    Any work schedules, directives, memoranda, postings or employee lists which indicate the name of the employee(s), agent(s) or servant(s) of the Defendant responsible for safety at the job site.

19.    Any and all surveillance and/or investigative videotapes and/or photographs depicting the Plaintiff.

20.    Any and all documents which the Defendant intends to introduce as evidence in a trial of this action.

21.    Any and all policies of insurance, including but not limited to coverage selection pages or declaration sheets, or any other agreements under which the Defendant or any other entity may be liable to satisfy, in whole or in part, any judgment which may be entered in the instant litigation or to indemnity any other party as a result of the act alleged in the Plaintiff's Complaint.

22.    All documents reflecting any work being performed in the area where the Plaintiff alleges his accident occurred, from 2 months prior to his alleged accident date of February 19, 2003 through the present.

23.    Copies of any and all charts, maps, schematics, diagrams, blueprints, and/or drawings of any kind which depict, refer to and/or in any manner relate to the premises upon which the Plaintiff claims to have been injured.

**EXHIBIT 10**



ROPES & GRAY LLP

ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

April 24, 2006

Gabriel D. O'Malley
(617) 951-7656
gabriel.o'malley@ropesgray.com

**BY MAIL AND FACSIMILE**

Daniel M. Surprenant, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA  02780

Re:    Carr v. Siemens Dematic Corp., et al
       USDC C.A. No. 05-10445MLW
       Our File No.:  00965.00220

Dear Dan:

I write with respect to Plaintiff, John Carr's, Fed. R. Civ. P. 30(b)(6) Deposition Notice for a corporate representative for AMEC Construction Management, Inc. ("AMEC"). As you know, we represent AMEC in the above-captioned matter.

AMEC was construction manager for the project on which Plaintiff was working. In this role, AMEC had no direct involvement in the work at issue in this action. Moreover, AMEC is not currently aware of any responsive information for certain topics due to the nature of its role on the project. As a result, AMEC lacks knowledge with respect to the following topics, as construed by the objections set forth below: 1-3, 6-11, 16, 19, and 21-24. As to the remaining topics, AMEC sold its relevant operations after this project was completed and is currently in the process of winding down its affairs. As a result, AMEC no longer employs personnel with any involvement in this project. To date, AMEC has not located any knowledgeable persons regarding Topics 4-5, 12-15, 17-18, and 20.

Certain of the topics on which testimony is sought are objectionable. I will address our specific objections to each topic in the Notice in the order in which they appear. AMEC reserves the right to assert further objections at the time of, or prior to, the deposition. AMEC lists below its responses and objections to the individual topics in Plaintiff's Notice.

**Topic 1:**

AMEC currently has no knowledge regarding this subject beyond the information set forth in the various reports regarding Plaintiff's accident.

Daniel M. Suprenant, Esq.                    - 2 -                       April 24, 2006

**Topic 2:**

AMEC objects to this topic on the grounds that it is vague, ambiguous, and overbroad. AMEC objects to the term "jobsite" as vague and ambiguous, and interprets it to encompass that area of Logan Airport Terminal E where Plaintiff's accident occurred. AMEC further objects to this topic to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC states that it was not responsible for the installation of the baggage conveyor, including the posting of warning signs in or around the baggage conveyor.

**Topic 3:**

AMEC objects to this topic on the grounds that it is overly broad and burdensome. AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC states that it is not currently aware of any AMEC employees who supervised the installation of the conveyors.

**Topic 4:**

AMEC objects to this topic on the grounds that it is overly broad and burdensome. AMEC objects to this topic to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Topic 5:**

AMEC objects to this topic on the grounds that it is vague, overly broad, and burdensome. AMEC objects to this topic on the grounds that the term "supervisory responsibilities" is vague and on the grounds that the topic calls for a legal conclusion. AMEC further objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC states that it is not currently aware of any AMEC employees who supervised the installation of the conveyors.

**Topic 6:**

AMEC objects to this topic on the grounds that it is vague, overly broad, and burdensome. AMEC objects to this topic on the grounds that the term "supervisory responsibilities" is vague and on the grounds that the topic calls for a legal conclusion. AMEC further objects to this topic

Daniel M. Suprenant, Esq.                    - 3 -                    April 24, 2006

on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC states that it is not currently aware of any AMEC employees who supervised the installation of the conveyors.

**Topic 7:**

AMEC currently is not aware of any reports of injury filed by or on behalf of AMEC.

**Topic 8:**

AMEC currently has no knowledge regarding this subject beyond the information set forth in the various reports regarding Plaintiff's accident.

**Topic 9:**

AMEC currently has no knowledge regarding this subject beyond the information set forth in the various reports regarding Plaintiff's accident.

**Topic 10:**

AMEC objects to this topic on the grounds that it is overly broad and burdensome. AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC further objects to this topic to the extent that it calls for information that does not relate specifically to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC states that it was not responsible for, or directly involved in, the installation of the baggage conveyor, and thus currently has no knowledge regarding this subject.

**Topic 11:**

AMEC objects to the term "subject conveyor belt" as vague and ambiguous. AMEC states that it is not currently aware of any AMEC employees who supervised the installation of the conveyors or the computer logic.

**Topic 12:**

AMEC objects to this topic on the grounds that it is overly broad and burdensome. AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

Daniel M. Suprenant, Esq.                     - 4 -                          April 24, 2006

AMEC further objects to this topic to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Topic 13:**

AMEC objects to the terms "incidents" and "subject conveyor machine" as vague and ambiguous. AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Topic 14:**

AMEC objects to this topic on the grounds that it is overly broad and burdensome. AMEC further objects to this topic to the extent that it calls for information that does not relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Topic 15:**

AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Topic 17:**

AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Topic 18:**

AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Topic 19:**

Daniel M. Suprenant, Esq.                 - 5 -                        April 24, 2006

AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC further objects to this topic to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Given the nature of its role on the project, AMEC currently has no knowledge regarding this subject.

**Topic 20:**

AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Topic 21:**

AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Given the nature of its role on the project, AMEC currently has no knowledge regarding this subject.

**Topic 22:**

Given the nature of its role on the project, AMEC currently has no knowledge regarding this subject.

**Topic 23:**

AMEC objects to this topic on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Given the nature of its role on the project, AMEC currently has no knowledge regarding this subject.

Topic 24:

AMEC is not currently aware of any communication of safety concerns regarding work on the computer logic in the five days prior to Plaintiff's accident.

********************************

Daniel M. Suprenant, Esq.                - 6 -                    April 24, 2006

     With respect to Schedule A, attached to the Notice, certain of the requests for documents are objectionable.  I will address our specific objections to each request in the Notice in the order in which they appear.  AMEC reserves the right to assert further objections at the time of, or prior to, the deposition.   With respect to Plaintiff's request that AMEC produce certain documents on the date of the deposition, as you know from our prior conversations, AMEC maintained the project file during the course of construction but turned the project file over to Massport upon completion of the project.  Thus, the documents called for by Schedule A are not in AMEC's possession, custody or control.  Any documents responsive to Schedule A would be maintained by Massport in the project file.  As you know, these documents previously were made available to Plaintiff.

**Request 1:**

AMEC objects to this request to the extent that it calls for information that does not specifically relate to Plaintiff's accident on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 3:**

AMEC objects to this request to the extent that it calls for information that does not specifically relate to Plaintiff's accident on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 4:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 5:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 8:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are

10007367_1.DOC

Daniel M. Suprenant, Esq.                    - 7 -                    April 24, 2006

irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 10:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC further objects to this request to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 15:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 16:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC further objects to this request to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 17:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC further objects to this request to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 19:**

AMEC objects to this request on the grounds that it is premature.

10007367_1.DOC

Daniel M. Suprenant, Esq.                - 8 -                April 24, 2006

**Request 20:**

AMEC objects to each subpart of the request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC further objects to the request to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 23:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC further objects to this request to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**Request 24:**

AMEC objects to this request on the grounds that any inquiries that are not limited in time to the date of Plaintiff's accident and a reasonable time period preceding Plaintiff's accident are irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence. AMEC further objects to this request to the extent that it calls for information that does not specifically relate to the conveyors at Logan Airport Terminal E on the grounds that such information is irrelevant and/or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

I am available to discuss the responses and objections set forth above at your convenience.

Sincerely,

Gabriel O'Malley

**EXHIBIT 11**

# ROPES & GRAY

ROPES & GRAY LLP

ONE INTERNATIONAL PLACE   BOSTON, MA 02110-2624   617-951-7000   F 617-951-7050

BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

December 13, 2006

Gabriel D. O'Malley
(617) 951-7656
gabriel.o'malley@ropesgray.com

**BY FACSIMILE AND BY MAIL**

Brian C. Dever, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA  02780

Re:   Carr v. Siemens Dematic Corp., et al
      USDC C.A. No. 05-10445MLW

Dear Brian:

I am writing in response to your letter dated December 13, 2006, which I received via facsimile this afternoon.

As I have indicated to you and your colleagues on numerous occasions, including under cover of letter dated April 24, 2006, which I have attached hereto, AMEC Construction Management, Inc. ("AMEC") sold its relevant operations after the project at issue in this litigation was completed and is currently in the process of closing down its business operations. AMEC no longer employs personnel with any involvement in the project. As a result, AMEC is not able to produce a corporate designee with knowledge of the topics set forth in your Notice of Deposition.

I was surprised to receive this Notice of Deposition to AMEC not only because you were made aware of AMEC's position months ago, but also because the date you have chosen – December 21, 2006 – is the very date upon which your secretary and I agreed yesterday afternoon that the deposition of your client, Mr. John Carr, would finally go forward. Your secretary asked that I confirm December 21, 2006 as the date of Mr. Carr's deposition via letter, which I was in the midst of writing when I received your letter. Please find enclosed a Re-Notice of Deposition, confirming my agreement with your secretary that we will proceed with the Deposition of your client, Mr. John Carr, at 10:00 am on Thursday December 21, 2006 at the offices of Ropes & Gray.

With respect to your Deposition Notices of Mr. Harbour and Mr. Clinkscales, when I spoke with your secretary yesterday to schedule Mr. Carr's deposition, she informed me that you were not available to work on this matter on December 19th and 20th. Because of your schedule, we were

Brian C. Dever, Esq.                    - 2 -                    December 13, 2006

forced to schedule Mr. Carr's deposition on December 21st – the last day of the scheduling order – despite my stated preference to finish the deposition well in advance of the Court-ordered deadline. Despite your office's representation that you would be unavailable the week leading up to December 21st, you have now attempted to schedule two depositions in this matter on December 20th. With respect to Mr. Harbour, I have never been asked by you or your colleagues whether Ropes & Gray represents him. Ropes & Gray does not represent Mr. Harbour. Please send me a copy of the subpoena you have served on Mr. Harbour, if you have done so.

With respect to Mr. Clinkscales, as you have known since at least early November, he is a Siemens Dematic Corp. employee who works and resides in Texas. As a result, the Notice of Deposition is defective as any deposition of Mr. Clinkscales would have to take place in Texas. Furthermore, the timing of the Notice of Deposition is unreasonable. If you wish to depose Mr. Clinkscales in Texas, please let me know and I'll determine his availability.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Gabriel O'Malley