UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CARR           )<br>      Plaintiff       )<br>                              )<br>v.                              )<br>                              )<br>SIEMENS DEMATIC CORP.  )<br>AND AMEC CONSTRUCTION )<br>MANAGEMENT, INC.       )<br>      Defendants    ) | CIVIL ACTION NO: 05-10445MLW |

<u>Status Report Regarding Massport Documents</u>

Now comes the Plaintiff in the above captioned matter reporting on the status of the outstanding Massport documents, in follow up to the Court's 7-13-06 order regarding Plaintiff's Motion for Extension of Time (#30).

On 7-24-06, Massport completed copying and released those documents which do not pose a security concern. This seems to be the majority of the documents sought by Plaintiff. More specifically, on Friday, 7-28-06, counsel for Plaintiff picked up seven boxes of cleared documents at Massport offices.

Also on 7-28-06, plaintiff was allowed (using his own laptop) to review approximately one hundred computer discs at Massport. Of those, plaintiff has identified approximately nine CDs which seem relevant based upon the labels. However, several of those CDs are in a format that were not retrievable via plaintiff's computer. Since then, Massport I.T. personnel have provided Massport legal department with software which should allow access to the discs. Massport and Plaintiff have now agreed that Plaintiff will use Massport computer with Massport software to review the discs on 8-10-06. If no documents pose a security concern, copies of those documents in the CDs will be released to the Plaintiff.

      Lastly, at the 7-28-06 meeting, Massport retained two binders of documents which it identified as posing a security concern. Massport's position, as I understand it, is that portions of the binders contain security sensitive materials which need to be reviewed by TSA. Massport believes this could take months. In response, plaintiff again reviewed the retained binders and has outlined for Massport only those subsections needed. In so doing, Plaintiff has sought to avoid those sections of the binders which are security sensitive and not required. Massport is now reviewing the outlined subsections. Plaintiff has asked that Massport complete this process and release any cleared documents at Plaintiff's visit to Massport on 8-10-06.

      Per the Court's order, Plaintiff has issued a subpoena duces tecum for the deposition of Massport/release of the remaining documents at the 8-10-06 visit. Per the Court's order, Plaintiff will submit a Motion to Compel any documents not released at that meeting/deposition.

Respectfully Submitted,
the Plaintiff, John Carr
By his attorney,

/s/ Daniel M. Surprenant
Daniel M. Surprenant, Esq.
BBO# 634616
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508) 822-2000